UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NLMK Pennsylvania, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES<br><br>        Defendant. | Case No. 21-00507<br>Hon. Claire R. Kelly |

**MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Pursuant to Rules 6 and 7 of the U.S. Court of International Trade, Proposed Defendant-Intervenor United States Steel Corporation ("U. S. Steel") hereby moves that this Court stay the instant proceedings pending the results of U. S. Steel's appeal to the Federal Circuit in *California Steel Industries, Inc. v. United States,* Consol. Ct. Nos. 2021-2172, -2180, -2181, -2182, -2183, -2185 (USCIT Ct. Nos. 21-00005, 21-00015, 21-00027, and 21-00093) ("*California Steel*"). This is a consolidated appeal from this Court's ruling that domestic producers that participated in the underlying administrative proceedings lack standing to intervene and defend decisions by the U.S. Department of Commerce ("Commerce") to deny plaintiff-importers' requests for Section 232 steel tariff exclusions. As discussed below, staying this case pending the outcome of *California Steel* is necessary to provide clarity on the critical issue of whether U. S. Steel may intervene in this action and protect its interests in the continued denial of the Section 232 exclusion requests.

**I.     Legal Standard**

This Court has the authority and discretion to stay this case. "When and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation of Oklahoma v.*

*United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)). "The power of a federal trial court to stay its proceedings, even for an indefinite period of time, is beyond question." *Id.* Courts may stay one case pending the outcome of another case with related issues. "In the exercise of a sound discretion it may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 216 (1937). A case may even "properly be stayed pending the outcome of another case (the 'lead' case) even where the 'lead' case may not be potentially dispositive of the case sought to be stayed *i.e.*, even where the 'lead' case may, at most, streamline the issues in the case sought to be stayed." *An Giang Agriculture and Food Imp. Exp. Co. v. U.S.*, 28 CIT 1671, 350 F. Supp. 2d 1162, 1168 n.9 (2004) (citing *Landis*, 299 U.S. at 256).

In determining whether to grant a motion for a stay, courts "weigh competing interests and maintain an even balance." *Cherokee Nation*, 124 F.3d at 1416. However, "[a]bsent a showing that there is at least 'a fair possibility that the stay . . . will work damage to someone else,' there is no requirement [to] . . . 'make a strong showing of necessity' or establish a 'clear case of hardship or inequity' to warrant the granting of the requested stay." *An Giang Agriculture and Food Import Export Co.*, 350 F. Supp. 2dd at 1167 (citations omitted) (noting that the balancing test may not be appropriate for a stay of relatively limited duration).

**II.    Argument**

U. S. Steel has moved to intervene in this action as a Defendant-Intervenor so that it may protect its interests in the continued denial of Section 232 exclusion requests by Plaintiff NLMK Pennsylvania, LLC ("NLMK" or "Plaintiff"). As set forth in greater detail in the motion to intervene filed by U. S. Steel, it is vital for U. S. Steel to be able to intervene in this case and

2

represent its interests in the continued imposition of the Section 232 tariffs—interests which will not be adequately represented by Defendant in this action. While the interests of U. S. Steel and the named Defendant are consistent to the extent that they both seek to uphold Commerce's decision to deny the Section 232 exclusion requests, U. S. Steel is a private party and a domestic steel producer. Therefore, U. S. Steel has a unique perspective that may not be fully represented by Defendant.

The key legal issues in the *California Steel* appeal at the Federal Circuit are directly implicated in U. S. Steel's motion to intervene in the instant proceeding. *See* U. S. Steel's Opening Brief in *California Steel*, attached hereto as **Exhibit 1**. First, the Court erred in the actions challenged in *California Steel* by requiring that domestic producers establish standing. This requirement lacks a constitutional basis, as defendant-intervenors do not themselves "invoke" federal jurisdiction and cannot expand the "case or controversy" created by plaintiffs' claims against the defendant. Irrespective of this error and although not legally required, the domestic producers' intervention papers established an overlap with the relief sought by the government, which supplies "piggyback" standing.

Second, the Court erred in its application of USCIT Rule 24(a)(2), which provides for intervention as of right where an intervenor possesses an interest related to the subject of the action that may practically be impaired and may be inadequately represented by existing parties. Instead of giving the rule its plain meaning and treating the prongs of the test as practical guideposts to be construed in favor of intervention—as is required—the Court erected barriers to intervention based on misunderstood dicta from *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559 (Fed. Cir. 1989) and misconstrued analytical frameworks from *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310 (Fed. Cir. 2012).

Third, the Court improperly declined to consider the domestic producers' interests as beneficiaries of the Section 232 tariffs, construing the benefit as a prohibited economic interest. Yet, at least three other Circuits recognize "beneficiary interests," without limiting the nature of the benefit conferred. By seeking to undo tariffs erected to benefit domestic producers of competitive products and their downstream derivatives, importers challenging Section 232 exclusion denials may practically impair domestic producers' beneficiary interests.

Finally, the Court applied a broad presumption favoring the adequacy of government representation, contravening both Supreme Court precedent establishing a "minimal" burden of *possible* inadequacy and domestic producers' particularized interests. As the neutral administrative adjudicator, the government is concerned with striking a balance in Section 232 tariff administration that does not mirror domestic producers' desired result, *i.e.*, continued imposition of tariffs on the products at issue. The government has recently settled similar cases and is participating in mediation of these cases at present. Moreover, the government is not as well-positioned to argue the relevance of domestic producers' technical submissions to Commerce.

Opening briefs have already been filed in the consolidated appeal in *California Steel*, and the interests of judicial economy militate toward allowing the Federal Circuit to decide these issues before this Court rules on the identical issue raised in U. S. Steel's motion to intervene as defendant-intervenor in this action. This will provide clarity on the fundamental issue as to whether U. S. Steel may intervene to protect its interests in this action. It will also prevent the need for a lengthy round of briefing on U. S. Steel's motion to intervene and thus conserve the resources of the Court and the parties. On the other hand, because the ultimate relief that NLMK seeks in this action is the return of cash deposits for Section 232 duties that have already been

paid, it will not suffer any further harm from staying this case while the Federal Circuit adjudicates the appeal in *California Steel*.  Thus, all relevant factors point towards granting a stay in this proceeding. *See Union Steel Mfg. Co. v. United States*, 37 C.I.T. 346 (2013) (staying proceedings pending the outcome of an appeal at the Federal Circuit where the stay would not result in any apparent harm to any party, would promote the interests of judicial economy, and would conserve the resources of the parties and the court).

### III.   Consultation with the Other Parties

Pursuant to Rule 7(b) of this Court, counsel has sought consent to this motion from the parties to this action. On October 26, 2021, counsel for Plaintiff, Andrew L. Poplinger of Chaffetz Lindsey LLP, stated that Plaintiff did not consent to the motion to stay.  On October 27, 2020, Counsel for Defendant, Meen-Geu Oh, U.S. Department of Justice, stated that Defendant does not consent to a stay request but expects to move for an extension of time to file the Answer and the Administrative records.

### IV.   Conclusion

For these reasons, U. S. Steel respectfully requests that these proceedings be stayed pending the outcome of the appeal in Consol. Ct. Nos. 2021-2172, -2180, -2181, -2182, -2183, -2185.

\*   \*   \*

        Respectfully submitted,

        <u>/s/ Luke A. Meisner</u>
        Roger B. Schagrin
        Jeffrey D. Gerrish
        Luke A. Meisner
        Kelsey M. Rule
        SCHAGRIN ASSOCIATES
        900 Seventh Street, NW
        Suite 500
        Washington, DC 20001
        (202) 223-1700

        *Counsel for United States Steel Corporation*

October 27, 2021

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NLMK Pennsylvania, LLC, | ) |
|       Plaintiff, | ) Case No. 21-00507 |
|       v. | ) Hon. Claire R. Kelly |
| UNITED STATES | ) |
|       Defendant. | ) |

### ORDER

Upon consideration of the motion of Proposed Defendant-Intervenor United States Steel Corporation to stay the above-captioned proceeding pending the outcome of appeal in CAFC Ct. Nos. 21-2172, 21-2180, 21-2183, and 21-2185, it is hereby:

**ORDERED** that the motion of United States Steel Corporation is hereby **GRANTED**; and it is further

**ORDERED** that these proceedings are **STAYED** pending final resolution of the U.S. Court of Appeals for the Federal Circuit in *California Steel Industries, Inc. v. United States,* Consol. Ct. Nos. 2021-2172, -2180, -2181, -2182, -2183, -2185.

**SO ORDERED**.

_____
JUDGE

Dated: _____, 2021
      New York, New York