UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| NLMK PENNSYLVANIA, LLC,<br><br>      Plaintiff,<br><br>– against –<br><br>UNITED STATES,<br><br>      Defendant. | Court No. 21-00507 |

**[Proposed] ORDER**

On consideration of United States Steel Corporation's ("U.S. Steel") Motion to Intervene as Defendant-Intervenor, ECF No. 14 ("Motion"), and on consideration of Plaintiff's Opposition thereto, it is hereby

ORDERED that U.S. Steel's Motion is DENIED.


Dated:_____                    _____
      New York, NY                                             JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| NLMK PENNSYLVANIA, LLC,<br><br>      Plaintiff,<br><br>– against –<br><br>UNITED STATES,<br><br>      Defendant. | Court No. 21-00507 |

### NLMK PENNSYLVANIA, LLC'S OPPOSITION TO UNITED STATES STEEL CORPORATION'S MOTION TO INTERVENE

Pursuant to Rule 7 of the Rules of the United States Court of International Trade ("USCIT R." or "Rule"), Plaintiff NLMK Pennsylvania, LLC ("NLMK"), submits this Memorandum of Law in Opposition to United States Steel Corporation's ("U.S. Steel") Motion to Intervene as Defendant-Intervenor, ECF No. 14 ("Motion" or "Mot.").

**I.     INTRODUCTION**

Through this Motion, U.S. Steel is seeking, as it has unsuccessfully tried in other cases, to leap into the middle of a dispute between (in this case) NLMK and the United States regarding the Government's failure to abide by the Administrative Procedures Act, 5 U.S.C. § 500 *et seq.* ("APA") and grant NLMK the exclusions it sought from the Section 232 tariffs.  U.S. Steel claims it is entitled to intervene as a matter of right under Rule 24(a), or alternatively, pursuant to the Court's discretion under Rule 24(b).  U.S. Steel has no such right, and its Motion should be denied.

U.S. Steel has already tried and failed to intervene in three other Section 232 slab exclusion review cases.  Specifically, in *North American Interpipe, Inc. v. United States*, 519 F.

Supp. 3d 1313 (Ct. Int'l Trade 2021) ("*NAI*"), Judge Baker denied U.S. Steel's attempt to intervene in several Section 232 exclusion review cases brought by other steel slab importers. Judge Baker concluded that U.S. Steel had no interest that could support intervention, that the Government could ably defend itself, and that intervention was neither necessary nor proper under either Rule 24(a)(2) or Rule 24(b).  That decision, on identical issues, precludes U.S. Steel from rearguing the merits of its intervention bid here.

As the court in *NAI* recognized, the critical flaw in U.S. Steel's motion is its premise. This case is not about U.S. Steel; it is about the U.S. Department of Commerce ("Commerce" or the "Department") and its failure to grant NLMK's requests for exclusions from the Section 232 tariffs.  While U.S. Steel did participate in the process before Commerce by successfully objecting to NLMK's exclusion requests, the issue before the Court now is whether Commerce, not U.S. Steel, violated the APA by acting arbitrarily and capriciously in denying NLMK's requests.  On that score, U.S. Steel is simply a bystander; it has nothing to offer.  The agency record is closed and the Government must defend Commerce's decisions based upon the record that was before it.  The Government plainly has every interest in doing that, and, it certainly should be capable of mounting a defense of its own actions and decisions.  Accordingly, NLMK respectfully submits, U.S. Steel's motion should be denied.

**II.    ARGUMENT**

    **A.    *NAI* Precludes U.S. Steel from Intervening**

U.S. Steel is collaterally estopped from seeking intervention in this case because this issue was resolved in *NAI*, where U.S. Steel asserted the same intervention rights based upon the same arguments and issues it raises here, and where its putative interest in intervention was identical to that which it asserts in this case.  Once a court decides "an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a

2

different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see Mother's Rest., Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569 (Fed. Cir. 1983) ("[A] party who has litigated an issue and lost should be bound by that decision and cannot demand that the issue be decided over again."). Simply put, U.S. Steel is precluded from rearguing issues it lost in *NAI* because "(i) the issue[s] previously adjudicated [are] identical with th[ose] now presented; (ii) the issue[s] w[ere] 'actually litigated' in the prior case; (iii) the previous determination[s] of th[ose] issue[s] w[ere] necessary to the end-decision then made; and (iv) the party precluded [*i.e.*, U.S. Steel] was fully represented in the prior action." *Thomas v. General Servs. Admin.*, 794 F.2d 661, 664 (Fed. Cir. 1986).

*NAI* meets all the elements set out in *Thomas*. There, Judge Baker denied U.S. Steel's consolidated motions to intervene into three Section 232 reviews concerning imports of steel slabs.[1] Just as here, in those cases, importers of steel slabs, the same product NLMK imports, filed requests before the Department to be excluded from the Section 232 tariffs. *Compare* Complaint, ECF No. 2 ("Compl.") ¶¶ 2-3, 7-12, *with NAI*, 519 F. Supp. 3d at 1320, 1325. Just as here, U.S. Steel objected to those requests on the grounds that it "could satisfactorily produce all of, or sufficient substitutes for, the material that was the subject of the exclusion requests." *Compare* Compl. ¶¶ 49, 56-57, *with NAI*, 519 F. Supp. 3d at 1320. And just as here, Commerce denied all those requests, prompting the importers to seek review of the denials in this Court. *Compare* Compl. ¶¶ 58, 67, *with NAI*, 519 F. Supp. 3d at 1320.

On those facts, which are materially identical to those here, Judge Baker concluded that the Government adequately represents U.S. Steel's interests in Section 232 exclusion reviews;

---

[1] *California Steel Industries, Inc. v. United States*, Court No. 21-00015, *Evraz Inc. NA v. United States*, Court No. 20-03869, and *AM/NS Calvert LLC v. United States*, Court No. 21-00005. *NAI* also decided several other motions by U.S. Steel and others to intervene in other Section 232 reviews not related to steel slabs.

3

that U.S. Steel's interests in such actions are not "legally protectable"; and that U.S. Steel would not be "adversely affected or aggrieved" by any decision in such actions. *NAI*, 519 F. Supp. 3d at 1323-32. Thus, although U.S. Steel may not like the result,[2] the fact remains that it has already fully litigated the issue and lost its asserted rights to intervene by right and/or permissively. *See Gulfstream Aerospace Corp. v. United States*, 981 F. Supp. 654, 661 (Ct. Int'l Trade 1997) (finding issue preclusion because "comparison of operative facts between the two cases" was "sufficient to merit application of collateral estoppel").

### 1. *NAI* Precludes U.S. Steel from Rearguing Intervention by Right

In the Federal Circuit, a four-part test governs motions to intervene by right under Rule 24(a)(2): (1) The motion must be timely; (2) the moving party must claim an interest in the property or transaction at issue that is "legally protectable"—merely economic interests will not suffice; (3) that interest's relationship to the litigation must be of such a *direct* and *immediate* character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment; and (4) the movant must demonstrate that said interest is not adequately addressed by the government's participation. *See NAI*, 519 F. Supp. 3d at 1323 (citing *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1315 (Fed. Cir. 2012)). U.S. Steel bears the burden of showing that it meets each prong. *See Wolfsen*, 695 F.3d at 1317-18 (prospective intervenor failed to make required showing on each element). U.S. Steel, having lost on each substantive prong of the test in *NAI,* cannot reassert those arguments again here.[3]

---

[2] Indeed, it has appealed that and is trying to use its appeal to stall this case. But unless and until the Federal Circuit concludes otherwise, Judge Baker's ruling is binding. *Rice v. Dep't of Treasury*, 998 F.2d 997, 999 (Fed. Cir. 1993) (noting collateral estoppel would apply despite pendency of appeal because "[t]he law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding").

[3] NLMK does not challenge the timeliness of U.S. Steel's Motion.

***Prongs 2 and 3:  No Legally Protectable Interests Affected by the Proceeding.***  *NAI* considered and dismissed each alleged interest that U.S. Steel raises here.  Thus, in its Motion to this Court, U.S. Steel argues that it is "uniquely interested" in defending Commerce's denials of NLMK's exclusion requests because U.S. Steel allegedly "can produce the steel products for which NLMK sought exclusions and/or suitable substitute products."  Mot. at 2, 4-5.  This same argument was expressly made and rejected in *NAI*.  *See NAI*, 519 F. Supp. 3d at 1323.  The court there ruled that U.S. Steel has no legally protectable "economic interest" notwithstanding its claim that it can "produce the exact products Plaintiff sought exclusions for" because "[s]uch economic interests . . . do not establish a 'legally protectable interest' under Rule 24."  *Id.*.  Moreover, even if U.S. Steel had such an interest, the *NAI* court concluded that "upholding Commerce's exclusions will not provide the intervenors with sales opportunities," thus "whether the Court affirms or overturns Commerce's exclusion denials can make no difference to the proposed intervenors."  *Id.* at 1326.

U.S. Steel rehashes two other arguments it lost in *NAI*: (1) that it has a "participatory interest" because it objected to NLMK's requests; and (2) that it has a "beneficiary" interest "stemming from its status as an expressly identified beneficiary of Section 232 tariffs on steel articles."  Mot. at 8.  Both are flatly wrong and already correctly rejected.

With respect to U.S. Steel's claim that it had a "participatory interest" because it was an objector before the Department, Judge Baker pointed out that the Section 232 exclusion scheme "effectively permits anyone to participate in administrative proceedings" and thus "confers a legally protectable interest on no one."  *NAI*, 519 F. Supp. 3d at 1325.  So much for U.S. Steel's supposed "participatory interest."

U.S. Steel's beneficiary interest fared no better in *NAI*. The court there held that U.S. Steel's contention that the plaintiffs' suits could "deprive U.S. Steel and other domestic producers of the benefits of the Section 232 tariffs" was simply another unprotectable "economic interest." *Id.* at 1323. Indeed the court went further and held that even if the beneficiary interest were protectable under prong two, it would nonetheless be too attenuated under prong three: "any competitive benefit . . . to [U.S. Steel] resulting from [plaintiffs] losing here would be both indirect and contingent." *Id.* at 1327.

**Prong 4:  Adequate Government Representation.**  The court in *NAI* expressly rejected the same claim U.S. Steel asserts here, namely that its "unique perspective" as "a private party and a domestic steel producer" means that the Government "may not . . . adequately represent[]" its interests in this case. Mot. at 6-7.  As the court put it, the fact that U.S. Steel might have "private commercial interests" did not "overcom[e] the presumption that the government as sovereign adequately represents the interest of citizens concerning matters that invoke sovereign interests." *NAI*, 519 F. Supp. 3d at 1327, 1328 & n.26 (internal quotation marks omitted). Likewise, the court saw no merit in U.S. Steel's claim that it is in the "best position" to defend the administrative record. *Id.* at 1328; *see* Mot. at 6. The same is true here. In fact, nothing distinguishes the facts or issues here from those in *NAI*.[4] Accordingly, *NAI* precludes U.S. Steel from re-arguing government adequacy. Because the adequacy element is dispositive of U.S.

---

[4] U.S. Steel argues that *NAI*'s is distinguishable because "U. S. Steel has a heightened interest in this proceeding based on the separate lawsuit filed by NLMK in the Western District of Pennsylvania." Mot. at 7-8. But that is incorrect. In reality, U.S. Steel concedes that this "heightened interest" amounts to no more than a desire to "ensur[e] that the record in this action is both complete and accurate"—presumably code for its attempt to reduce its exposure in the Western District of Pennsylvania. Mot. at 5. But the court in *NAI* already determined the Government can "adequately" produce the administrative record. *NAI*. 519 F. Supp. 3d at 1328.

Steel's intervention bid under Rule 24(a)(2), intervention by right should be denied for this reason alone.

### 2. *NAI* Precludes U.S. Steel from Intervening Permissively

*NAI* also estops U.S. Steel's request to intervene permissively by precluding it from meeting the standing requirement embedded in its Rule 24(b) motion.  To meet this requirement, U.S. Steel argues that a decision granting NLMK relief would "harm U. S. Steel by suppressing prices and eliminating sales opportunities for domestically-produced steel slab and flat-rolled steel products."  Mot. at 10.  This, according to U.S. Steel, would "adversely affect[] or aggrieve[]" it within the meaning of 28 U.S.C. § 2631(j)(1), which, in turn, would give it standing to intervene permissively under Rule 24(b).  Mot. at 9-10.  But *NAI* rejected this argument on identical facts, concluding that "just because [NLMK] would benefit from duty refunds does not give standing to U.S. Steel . . . to challenge those refunds, any more than U.S. Steel . . . would be injured for standing purposes by an IRS tax refund to [NLMK] that would improve its financial bottom line."  *NAI*, 519 F. Supp. 3d at 1332.  Thus, *NAI* precludes U.S. Steel's permissive intervention motion as well.

## B.     U.S. Steel May Not Intervene by Right

Assuming, arguendo, U.S. Steel is not collaterally estopped from relitigating its right to intervene, its Motion should still be denied.

### 1. The Government Can Adequately Defend Commerce's Denials of NLMK's Requests

Dispositively, Rule 24(a)(2) prohibits intervention where, as here, the Government "adequately represent[s]" the "interest[s]" U.S. Steels "claims . . . relating to the property or transaction that is the subject of the action."  *See* USCIT R. 24(a)(2).  Under Federal Circuit law, because U.S. Steel and  the Government "share the same ultimate objective" of seeing

7

Commerce's exclusion denials affirmed in the underlying suits, "a presumption of adequacy of representation arises," which U.S. Steel cannot defeat. *Wolfsen*, 695 F.3d at 1316 (quoting *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011)).

*Wolfsen* requires finding that the Government adequately represents U.S. Steel's interests. In *Wolfsen*, the Federal Circuit held that proposed intervenors, who had negotiated a settlement in a prior action requiring the government to make periodic water releases from a dam, could not intervene to defend the government in a suit for damages arising out of flooding caused by those water releases. 695 F.3d at 1313-14, 1318. Although the intervenors argued that the litigation implicated their interests under the past settlement because the litigation could "substantially threaten the government's ability to make the water releases contemplated by" the settlement, the Federal Circuit denied intervention because "the government and [intervenors] have precisely the same motivation, which is to see [NLMK's] claim fail, for as many reasons as possible. It is, after all, the government who would be liable for money damages if [NLMK's] claim succeeds." *Id.* at 1314, 1317.

The facts are no different here, and every judge in the Court of International Trade who has considered the issue has agreed that steel companies cannot intervene in Section 232 challenges because the government adequately protects their interests. *See NAI*, 519 F. Supp. 3d at 1327 ("As the proposed intervenors here seek (so far) the same relief as the government, their entry into these cases is presumptively barred . . . ." (cleaned up)); *PrimeSource Bldg. Prod., Inc. v. United States*, 494 F. Supp. 3d 1307, 1311 (Ct. Int'l Trade 2021) ("Because the government has but one interest in this litigation—maintaining [Section 232 tariffs on steel and aluminum derivative products]—it reasonably can be expected to act vigorously to defend that interest . . . ."); *see Severstal Exp. GmbH v. United States*, 2018 WL 1779351, at *2 (Ct. Int'l

8

Trade Apr. 13, 2018) ("The court thus concludes that [the government] will adequately represent movants' interest in the economic benefits they expect to enjoy should the Steel Tariff remain in force.").

U.S. Steel nonetheless tries to argue that it should be allowed to intervene because it allegedly is "best placed" to "ensure[] the record is complete and accurate" and to "address its ability to produce the subject products in sufficient quantities and qualities . . . as set forth in its objections and surrebuttals." Mot. at 5-7. The argument makes no sense. The administrative record includes "only those documents directly or indirectly considered by the agency." *JSW Steel (USA) Inc. v. United States*, 466 F. Supp. 3d 1320, 1328 (Ct. Int'l Trade 2020) (Kelly, J.). There is certainly no question but that "the agency, as the decision-maker, is generally in the best position to identify and compile those materials it considered." *Id.*  So, there is nothing for U.S. Steel to add—the record is whatever was before the agency at the time. In fact, as is obvious, there is no party better placed than the Government to say what the Government did or did not consider in rendering the challenged determinations. *See NAI*, 519 F. Supp. 3d at 1328 (rejecting argument that U.S. Steel could contribute by "cur[ing] 'imperfect records'" (quoting U.S. Steel's intervention motion)). U.S. Steel by definition has absolutely nothing to add here.

U.S. Steel also claims that it can better "address" its ability to produce the slabs in question and thus somehow exonerate Commerce's denials. But this is an action under the APA, and such actions simply review *the agency's* denials of NLMK's exclusion requests. The operative question is whether "*the agency* has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency

expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (emphasis added). It does not matter at all to that inquiry what U.S. Steel claims it can explain about its past submissions to Commerce. It is a question of what Commerce did or did not do in arriving at its decisions. In fact, if it were necessary for the Government to rely on U.S. Steel's explanations to justify Commerce's denials, the denials could not stand because "courts may not accept . . . *post hoc* rationalizations for agency action . . . an agency's action must be upheld, if at all, on the basis articulated *by the agency itself*." *Id.* at 50 (emphasis added).

U.S. Steel's final argument, that the possibility the Government might settle the case renders the Government's representation inadequate, also fails. *See* Mot. at 7. First, the potential for resolution of the claims by amicable settlement is a good thing, not a bad thing. *See Hemstreet v. Spiegel, Inc.*, 851 F.2d 348, 350 (Fed. Cir. 1988) ("The law strongly favors settlement of litigation . . . ."). Second, there is no settlement on the table. At this point, the possibility of settlement is "speculative," and certainly does not justify intervention "unless and until there is such a settlement." *Wolfsen*, 695 F.3d at 1318; *see also NAI*, 519 F. Supp. 3d at 1327 (reaching same conclusion). Finally, as other courts have observed "a party is entitled to settle its lawsuit without inviting intervenors where settlement is the only reasonable course of action." *Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pennsylvania*, 863 F.3d 245, 253 n.8 (3d Cir. 2017); *United States v. Bd. of Sch. Comm'rs of City of Indianapolis, Ind.*, 466 F.2d 573, 575 (7th Cir. 1972) ("The [settlement] was the inescapable legal consequence of application of fundamental law to these facts. That [intevenors] would have been less prone to agree to the facts and would have taken a different view of the applicable law does not mean that the [government] did not adequately represent their interests in the litigation."). In other words,

inviting the fox into the settlement hen house is neither necessary nor appropriate. Since the Government is the party whose actions are under attack and who would be obliged to pay any money, it has every interest in assuring that any settlement is balanced, reasonable, and warranted to adequately resolve the claims in the lawsuits *against the Government*.

### 2. U.S. Steel Has No Legally Protected Interest that Will Be Affected by this Case

U.S. Steel separately may not intervene for the reason that it is a stranger to this action. It has no "legally protectable" interest in NLMK's tariff payments (or in anything else that is the "subject matter" of this action), nor will it "gain or lose by the *direct* legal operation and effect of the judgment" in this action. *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989); *Wolfsen*, 695 F.3d at 1315. Without such an interest, U.S. Steel fails the foundational requirement of the Rule 24(a)(2) test.

*No Economic Interest*. U.S. Steel claims it has an "economic interest" in "preventing the granting of exclusions" because "tariff-free imports of directly competitive products and directly competitive derivatives . . . would harm U. S. Steel by suppressing prices and eliminating sales opportunities." Mot. at 5, 8. This is precisely the sort of interest the Federal Circuit rejected in *American Maritime* when it concluded that proposed intervenor did not have an interest in defending the government's denial of a shipping subsidy to another company. 870 F.2d at 1561. The fact that the proposed intervenor might face "the very real specter of 'subsidized competition'" if the plaintiff prevailed created no protectable interest at all because the proposed intervenors's "fear of future . . . competition" with plaintiff did not derive from a "direct" economic interest—neither from a contract with plaintiff that might be invalidated or a subsidy from the government that might be rescinded. *Id.* at 1561-62.

11

The same is true here. What is directly at stake in this action—NLMK's tariff funds—either belong to NLMK (because the slabs should have been excluded from tariffs) or they belong to the Government. Under no set of facts do they belong to U.S. Steel, and it does not and cannot argue otherwise. *See United States v. $7,206,157,717 on Deposit at JP Morgan Chase Bank, N.A.*, 274 F.R.D. 125, 126 (S.D.N.Y. 2011) (proposed intervenor, a fraud victim of Bernie Madoff, had no interest in forfeiture action because "there is no requirement that forfeited property be given to victims"). U.S. Steel has not, and it cannot, allege that it would lose or gain specific sales opportunities or suffer or avoid any concrete economic harm based on the outcome of this action. *See* Mot at 4-5. In short, the disposition of this action would, at most, create the same market injury to U.S. Steel that was insufficiently direct in *American Maritime*.

Hence *American Maritime* requires the rejection of U.S. Steel's purported economic interest. *See NAI*, 519 F. Supp. 3d at 1325 (reaching same conclusion); *see also New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 466 (5th Cir. 1984) (city of New Orleans could not intervene in a dispute between electric utility and gas supplier based on the asserted interest that the increased cost of gas had the downstream consequence of increased electricity costs in New Orleans); *ACME Worldwide Enters., Inc. v. United States*, 137 Fed. Cl. 469, 476-77 (2018) (denying intervention by right because expectations of future sales are "merely economic" interests); *Heffner v. Murphy*, 2010 WL 2606520, at *3 n.3 (M.D. Pa. June 25, 2010) (holding proposed intervenors "have no legally cognizable right to the business they fear losing to . . . increased competition").

***No Participatory or Beneficiary Interests***. U.S. Steel asserts that it has additional interests derivative of the Section 232 itself, both because it participated in the underlying proceedings and therefore would like to "ensur[e] that Commerce's determinations remain

12

compliant with the Administrative Procedure Act"; and because it is one of the intended "beneficiar[ies] of Section 232 tariffs on steel articles." Mot. at 8. The problem here is neither of those claimed interest is "legally protectable" under Rule 24(a)(2), and U.S. Steel fails to cite any authority to the contrary.

As to its participation in Commerce's determinations by objecting to NLMK's submissions, the Section 232 regulations allow "any individual or organization that manufactures steel articles in the United States" to object. 15 C.F.R. pt. 705, supp. 1(d)(1) (emphasis added). "For purposes of Rule 24(a)(2), any scheme such as Commerce's here that effectively permits *anyone* to participate in administrative proceedings confers a legally protectable interest on no one." *NAI*, 519 F. Supp. 3d at 1324. As one court has observed, "Rule 24(a)(2) requires a practical impairment of the ability to protect an interest and not a practical impairment of the ability to assert an interest." *TPI Corp. v. Merch. Mart of S.C., Inc.*, 61 F.R.D. 684, 688 (D.S.C. 1974) (emphasis in original).

As to U.S. Steel's claim that it is a beneficiary of the Section 232 tariffs, the answer is that whatever "beneficiary" status U.S. Steel may have under the Section 232 tariff regime, that status creates no legally protected interest whatsoever in this case. Nor are the Section 232 tariff regime or any beneficiary interest U.S. Steel may have thereunder a "property or transaction that is the subject of the action." USCIT R. 24(a)(2). NLMK has not challenged the Section 232 tariff scheme, Section 232 does not create a right in U.S. Steel to have NLMK pay tariffs, and any interest U.S. Steel may have in NLMK's specific tariff payments is an ineligible economic interest as explained *supra*.

Beyond this, one point more requires response: U.S. Steel says that granting NLMK's requests "would immediately undermine the stated goals of the underlying Section 232 steel

13

action" to "secure the long-term viability of the domestic steel industry." Opp. at 3-4. That is false. It would do no such thing because NLMK, like U.S. Steel, is a domestic steel producer. *See* Compl. ¶¶ 34-35. Thus the Section 232 tariffs were intended to benefit NLMK just as much as U.S. Steel. That is why Presidential Proclamation 9705 required the development of an exclusion process—so as to avoid the unintended consequence of burdening domestic steel companies (such as NLMK) that rely on imports of steel for products not reasonably available in the United States. What U.S. Steel wants (and what NLMK's lawsuit in Pennsylvania alleges) is to inflict anticompetitive harm on NLMK by abusing the Section 232 exclusion process. Rule 24(a)(2) does not protect the desire to harm a competitor. *See Am. Mar. Transp., Inc*, 870 F.2d at 1561 ("fear of future . . . competition" does not justify intervention). No law does.

      ***No Interest from NLMK's Unfair Competition Suit***. U.S. Steel claims NLMK's unfair competition suit in the Western District of Pennsylvania changes the normal Rule 24(a)(2) analysis; it does not. *See* Mot. at 5-6. That lawsuit alleges that U.S Steel "engaged in unfair competition by making various misrepresentations to the Department of Commerce" during the Department's determinations of NLMK's requests. *NLMK Pennsylvania, LLC v. United States Steel Corp.*, 2021 WL 3682147, at *1 (W.D. Pa. Aug. 19, 2021). Critically, in that suit, unlike this action, "NLMK does not challenge the actions of the Department of Commerce." *Id.* at *12.

      In light of its exposure in the Western District of Pennsylvania, U.S. Steel asserts that it has an interest in "ensuring that the record in this action is both complete and accurate, and "ensuring that the ultimate outcome in this case does not have any negative impact on the proceedings in the Western District of Pennsylvania." Mot. at 5-6. As explained *supra*, the record in this case is closed, and so there is nothing for U.S. Steel to ensure. The record is what the record is. It is too late for U.S. Steel to add anything to it or to try to correct its material

misrepresentations. *See JSW Steel (USA) Inc.*, 466 F. Supp. 3d at 1328 (explaining that the record in an APA challenge to Section 232 exclusion denials consists only of materials that were "directly or indirectly considered by the Department"). If there were inculpatory documents that Commerce considered but U.S. Steel would like to suppress, it strains credulity that U.S. Steel would have a legally protected interest in hiding such evidence. In any event—ironically—the only way U.S. Steel might be bound in the Western District of Pennsylvania by a decision of the Court of International Trade is if it were permitted to intervene and become subject to the preclusive effect of this Court's decisions. *Thomas*, 794 F.2d at 664 (collateral estoppel operates against party to previous action).

### C.  U.S. Steel May Not Permissively Intervene

Unable to meet the requirements of Rule 24(a)(2), U.S. Steel invites this Court to exercises its discretion to permit U.S. Steel's entry into the case under Rule 24(b). This Court should decline the invitation. Again, this issue has already been decided against U.S. Steel. But even if U.S. Steel were not collaterally estopped from permissively intervening, its Motion would fail.

At the threshold, U.S. Steel does not meet Rule 24(b)'s jurisdictional prerequisites to intervene permissively. The Rule allows a court to "permit anyone to intervene" who "is given a conditional right to intervene by federal statute." USCIT R. 24(b)(1)(A). U.S. Steel claims that 28 U.S.C. § 2631(j)(1)(A) gives it such a "conditional right" because that statute allows "[a]ny person who would be adversely affected or aggrieved by a decision" of the Court of International Trade to intervene on leave of the court. 28 U.S.C. § 2631(j)(1)(A). But no decision of this Court could "adversely affect[] or aggrieve[]" U.S. Steel, and therefore it may not intervene permissively.

15

Importantly, NLMK, not U.S. Steel, is the object of the challenged action of Commerce in this case. Accordingly, U.S. Steel's showing under 28 U.S.C. § 2631(j)(1)(A) is "substantially more difficult to establish." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562 (1992). In its failed attempt meet its burden, U.S. Steel does not claim that it would gain or lose specific sales if this Court accords NLMK relief but generally avers that NLMK's tariff-free slabs would "suppress[] prices and eliminat[e] sales opportunities." Mot. at 10. These bald claims do not suffice. Under Federal Circuit law, to establish standing based on this kind of injury requires a showing that the challenged government action would "change the competitive landscape"; U.S. Steel's bare assertion doesn't come close to accomplishing that. *See Gen. Elec. Co. v. United Techs. Corp.*, 928 F.3d 1349, 1354 (Fed. Cir. 2019) (concluding that upholding a patent related to airplane engines would not "change the competition landscape for commercial airplane engines" sufficient to create competitor standing to challenge it). U.S. Steel does not and cannot show that a boon for NLMK would directly be a bane for U.S. Steel. Indeed, this case concerns tariffs NLMK has already paid on imports it has already made.

Moreover, U.S. Steel's proposed intervention would only serve to delay these proceedings and disrupt any potential settlement. Its Motion virtually admits as much. *See* Mot. at 7 (suggesting it would seek to prevent the Government from settling this action); *id.* at 5 (suggesting it would raise issues over the "complete[ness]" of the record); *id.* at 11 (suggesting it would seek to partially re-open the record by providing factual submission to "apprise the Court of its ability to produce the products in question and the potential harm to the domestic industry if Commerce were to . . .grant any of Plaintiff's exclusion requests").

What U.S. Steel wants most is to exploit any procedural mechanism it can to inflate NLMK costs in this action and tie up NLMK's capital in Section 232 tariffs. U.S. Steel's

16

intervention would only add time and expense to this proceeding while providing no additional, positive contribution to a prompt resolution of the matter.  It has already begun its campaign by filing this application, whose merits were previously rejected in *NAI*, and attempting to alchemize its loss in *NAI* into the right to grind this entire proceeding to a halt during the pendency of the *NAI* appeal in *California Steel Industries, Inc. v. United States*, CAFC Ct. No. 2021-2172.  *See* U.S. Steel's Motion to Stay, ECF No. 15.  "These burdens and delays are not justified by broadening this litigation to allow the intervention that is sought here." *PrimeSource*, 494 F. Supp. 3d at 1312.  So too here.  U.S. Steel might like to join this action but it brings nothing to the party, certainly nothing that is helpful.  The Government can and will do all it can to defend its denials of all NLMK's exclusion requests.  Adding U.S. Steel to the fray would not assist in getting to a prompt and efficient resolution of the claim.  Quite the opposite.  As such, permissive intervention should be denied.

### III.     CONCLUSION

For the foregoing reasons the Court should deny U.S. Steel's Motion to Intervene in this action.

Dated: New York, New York
November 17, 2021

                                              Respectfully submitted:

**CHAFFETZ LINDSEY LLP**

By:    /s/ *Sanford Litvack*

Sanford Litvack
Andrew L. Poplinger
R. Matthew Burke
1700 Broadway, 33rd Floor
New York, NY 10019
Tel. (212) 257-6960
Fax. (212) 257-6950
s.litvack@chaffetzlindsey.com
a.poplinger@chaffetzlindsey.com
r.m.burke@chaffetzlindsey.com

*Counsel for Plaintiff NLMK Pennsylvania, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(2), the undersigned certifies that Plaintiff's opposition to U.S. Steel's Motion contains 5,442 words as computed by Chaffetz Lindsey LLP's word processing system, excluding those portions that do not count toward the word limitation and, thus, complies with the Court's Chambers Procedures.

*/s/ Sanford Litvack*