Slip Op. 21-162

## UNITED STATES COURT OF INTERNATIONAL TRADE

NLMK PENNSYLVANIA, LLC,

　　　　Plaintiff,

v.

UNITED STATES,

　　　　Defendant.

Before: Claire R. Kelly, Judge

Court No. 21-00507

## MEMORANDUM AND ORDER

[Denying proposed defendant-intervenor United States Steel Corporation's motion to intervene and motion to stay.]

Dated: December 3, 2021

Luke A. Meisner, Roger B. Schagrin, Jeffrey D. Gerrish, and Kelsey M. Rule, Schagrin Associates, of Washington, D.C., for proposed defendant-intervenor.

Sanford Litvack, Andrew L. Poplinger, and R. Matthew Burke, Chaffetz Lindsey LLP, of New York, NY, for plaintiff.

Tara K. Hogan, Assistant Director, and Meen Geu Oh, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant.  Also on the brief were Brian Boynton, Acting Assistant Attorney General, and Patricia M. McCarthy, Director.  Of counsel on the brief was Kenneth Kessler, Office of Chief Counsel for Industry & Security, U.S. Department of Commerce, of Washington, D.C.

　　　　Kelly, Judge: Before the court are proposed defendant-intervenor United States Steel Corporation's ("U.S. Steel") motions to intervene as a defendant-intervenor and to stay further proceedings in this action pending U.S. Steel's appeal to the U.S. Court of Appeals for the Federal Circuit ("Court of Appeals") of this Court's

denial of U.S. Steel's motion to intervene in a different action.  See Mot. to Intervene by [U.S. Steel] as Def.-Intrvnr., Oct. 27, 2021, ECF No. 14 ("Mot. to Intervene");[1] Mot. to Stay Proceedings Pending Appeal, Oct. 27, 2021, ECF No. 15 ("Mot. to Stay"); see also N. Am. Interpipe, Inc. v. United States, 519 F. Supp. 3d 1313 (Ct. Int'l Trade 2021) ("NAI").

Plaintiff NLMK Pennsylvania, LLC ("NLMK") commenced this action challenging the U.S. Department of Commerce's ("Commerce") denial of NLMK's requests for certain imports of steel products to be excluded from tariffs imposed on steel imports pursuant to Section 232 of the Trade Expansion Act of 1962, as amended ("Section 232"), Pub. L. 87-794, § 232, 76 Stat. 872, 877 (1962), codified in various sections of Titles 19 and 26 of the U.S. Code.  See Compl., ¶ 1, Sept. 8, 2021, ECF No. 2.  U.S. Steel, a domestic producer of steel mill products which opposed NLMK's exclusion requests during the proceedings before Commerce, contends that it has a right to intervene under CIT Rule 24(a) and, alternatively, that it should be permitted to intervene under CIT Rule 24(b).  Mot. to Intervene at 4–8, 9–11.  U.S. Steel also moves for a stay of all proceedings in this action pending U.S. Steel's appeal of NAI. See Mot. to Stay.  NLMK opposes the Motion to Intervene and the Motion to Stay. [NLMK's] Opp'n to [Mot. to Intervene], Nov. 17, 2021, ECF No. 23 ("NLMK Intrvntn.

---

[1] Pursuant to U.S. Court of International Trade ("CIT") Rule 12(c), U.S. Steel's Motion to Intervene is accompanied by an answer setting out the defense that U.S. Steel seeks to interpose.  Answer to Compl. of [U.S. Steel], Oct. 27, 2021, ECF 14-1 ("Proposed Answer").

Opp."); [NLMK's] Opp'n to [Mot. to Stay], Nov. 17, 2021, ECF No. 24 ("NLMK Stay Opp."). Defendant United States (the "Government") opposes U.S. Steel's Motion to Intervene to the extent that U.S. Steel contends that it has a right to intervene, but the Government takes no position on U.S. Steel's request to be permitted to intervene under CIT Rule 24(b). Def.'s Omnibus Resp. to [Mot. to Intervene and Mot. to Stay], 2–3, Nov. 17, 2021, ECF No. 25 ("Def. Br."). The Government further opposes U.S. Steel's Motion to Stay. Id. at 2. For the reasons that follow, the Motion to Intervene and the Motion to Stay are denied.

## BACKGROUND

NLMK is a producer of finished steel products including coil and sheet used in a variety of industrial applications. Compl. ¶ 2. NLMK alleges that it requires a steady and substantial supply of both 200mm (8 inch) and 250 mm (10 inch) semi-finished steel slab ("steel slab") to manufacture its products. Id. ¶¶ 2, 5–6. NLMK contends that it purchases as much steel slab as it can from domestic producers, but it has never been able to procure more than 20% of its monthly requirement of 8-inch slab from the U.S. market and 10-inch slab is not available in the U.S. market. Id. ¶¶ 3, 5–6. NLMK imports the remaining steel slab that it requires. Id. ¶¶ 3, 6.

On March 8, 2018, President Donald J. Trump issued Proclamation 9705, imposing additional tariffs on steel imports and instructing the Secretary of Commerce to grant requests for exclusions for, inter alia, any steel product that is not "produced in the United States in a sufficient and reasonably available amount

or of a satisfactory quality" (a "Section 232 Exclusion").  Proclamation 9705 of March 8, 2018, 83 Fed. Reg. 11625, 11627 (March 15, 2018) (Adjusting Imports of Steel Into the United States) ("Proclamation 9705").  Commerce subsequently published rules for requesting Section 232 Exclusions and for the domestic industry to object to such requests.  See Requirements for Submissions Requesting Exclusions From the Remedies Instituted in Presidential Proclamations Adjusting Imports of Steel Into the United States and Adjusting Imports of Aluminum Into the United States, 83 Fed. Reg. 12106 (March 19, 2018) (Filing of Objections to Submitted Exclusion Requests for Steel and Aluminum); Supplement No. 1 to Part 705—Requirements for Submissions Requesting Exclusions From the Remedies Instituted in [Proclamation 9705], 83 Fed. Reg. 46056 (Sept. 11, 2018); Supplement No. 1 to Part 705— Requirements for Submissions Requesting Exclusions From the Remedies Instituted in [Proclamation 9705], 84 Fed. Reg. 26757 (June 10, 2019); Supplement No. 1 to Part 705—Requirements for Submissions Requesting Exclusions From the Remedies Instituted in Presidential Proclamations Adjusting Imports of Steel Articles Into the United States, 85 Fed. Reg. 64382 (Oct. 13, 2020); Supplement No. 1 to Part 705— Requirements for Submissions Requesting Exclusions From the Adjustment of Imports of Aluminum and Steel Imposed Pursuant to [Section 232], 85 Fed. Reg. 81073 (Dec. 14, 2020).  The interim final rule adopted by Commerce sets forth the procedures for Section 232 Exclusion requests, and permits domestic producers to

object to a Section 232 Exclusion request if the domestic producer can "immediately"[2]

supply a "sufficient and reasonably available and amount" of the imported product.

15 C.F.R. § Pt. 705, Supp. 1(c)–(d).

NLMK submitted Section 232 Exclusion requests in 2018, 2020, and 2021

alleging that it was unable to source the steel slab it needed from the U.S. market.

Compl. ¶¶ 7, 10–12.  This case involves only the 54 Section 232 Exclusion requests

that NLMK submitted to Commerce in July 2020, March 2021, and April 2021 (the

"Exclusion Requests").[3]  Id. ¶¶ 10–12.  U.S. Steel objected to, and Commerce

subsequently denied, all of the Exclusion Requests.[4]  Id. ¶¶ 11–12.  NLMK brought

this action to challenge Commerce's denials of the Exclusion Requests, asserting that

the Section 232 Exclusion request review process Commerce undertook to deny

NLMK's Section 232 Exclusion Requests was arbitrary, capricious and contrary to

law.  Id. ¶¶ 27, 32.  In support of its conclusion, NLMK alleges that Commerce did

not verify U.S. Steel's objections and ignored NLMK's evidence that it could not

---

[2] An objecting domestic producer can supply a product immediately if it "is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the user of steel in the United States described in the exclusion request."  15 C.F.R. § Pt. 705, Supp. 1(c)(6)(i).  The objecting domestic producer is required to "identify how it will be able to produce the article [for which the Section 232 Exclusion request applies] within eight weeks" if it is not currently producing the article.  Id. § Pt. 705, Supp. 1(d)(4).

[3] Fifty-two of the Exclusion Requests were for 10-inch slab and two were for 8-inch slab.  Compl. ¶¶ 11–12.

[4] Other domestic steel producers objected to the Exclusion Requests as well, but those producers are not parties to this action and do not seek to intervene.  Thus, for the purposes of these motions, the court does not refer to the other domestic producers.

obtain enough steel slab from domestic sources.  Id. ¶ 14.  NLMK further alleges that

Commerce based its denials in part on ex parte communications with U.S. Steel that

flouted the procedures for objecting to Section 232 Exclusion requests, and Commerce

did not provide adequate reasons for the denials.  Id. ¶¶ 14, 18.

U.S. Steel now seeks to intervene as a defendant in order to defend its

purported interest in upholding Commerce's denials of the Exclusion Requests and

to stay this action pending U.S. Steel's appeal of NAI.  See Mot. to Intervene and Mot.

to Stay.  For the reasons set forth below, U.S. Steel's motions are denied.

## STANDARD OF REVIEW

CIT Rule 24(a)(2) provides, in relevant part,

> On a timely motion, the court must permit anyone to intervene who: . . .
> claims an interest relating to the property or transaction that is the
> subject of the action, and is so situated that disposing of the action may
> as a practical matter impair or impede the movant's ability to protect its
> interest, unless existing parties adequately represent that interest.

CIT Rule 24(a)(2).  The court will grant a motion to intervene under CIT Rule 24(a)(2)

when the movant establishes the following four elements: (1) the motion is timely; (2)

the movant asserts a legally protectable interest in the property at issue; (3) the

movant's interest "must be of such a direct and immediate character that the

intervenor will either gain or lose by the direct legal operation and effect of the

judgment"; and (4) the movant's interest will not be adequately represented by the

government.  Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fisherman's

Associations, 695 F.3d 1310, 1315 (Fed. Cir. 2012) (emphasis in original) (internal

quotation marks omitted). The court will permit a party to intervene under CIT Rule 24(b)(1)(A) if the proposed intervenor has a "conditional right to intervene [under] a federal statute." U.S. Steel contends that 28 U.S.C. § 2631(j)(1) provides such a conditional right. Mot. to Intervene at 9–10. That statute provides that any person that will be adversely affected or aggrieved by a decision in an action before the CIT may intervene with leave of the court. 28 U.S.C. § 2631(j)(1). Once a proposed intervenor demonstrates that it will be adversely affected or aggrieved, the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Id. § 2631(j)(2).

Granting a motion to stay, on the other hand, is within the discretion of the court. Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). The court must weigh the competing interests when deciding a motion to stay. See Landis v. North Am. Co., 299 U.S. 248, 254–55 (1936). If there is "even a fair possibility" that the stay will damage a nonmovant, the movant "must make out a clear case of hardship or inequity in being required to go forward." Id. at 255. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Id.

## DISCUSSION

U.S. Steel contends that it has a right to intervene because its interests will be directly affected by the court's decision in this action. Mot. to Intervene at 3–6. Specifically, U.S. Steel argues that a ruling in favor of NLMK would "adversely

impact the strides U.S. Steel has made since the implementation of the Section 232

steel action to increase its capacity utilization and contribute to the strengthening of

U.S. national security." Id. at 5. U.S. Steel further asserts that it has a "heightened

interest" as a result of an action NLMK commenced against U.S. Steel in U.S. District

Court for the Western District of Pennsylvania. Id.; see also NLMK Pennsylvania,

LLC v. United States Steel Corporation, W. Dist. Penn. Case No. 2:21-cv-00273-WSS

(the "WDPA Action").[5] According to U.S. Steel, the WDPA Action gives U.S. Steel an

interest in "ensuring that the record in this action is both complete and accurate, and

ensuring that the ultimate outcome in this case does not have any negative impact

on the [WDPA Action]." Mot. to Intervene at 5–6. U.S. Steel also asserts a

participatory interest in this action based on its objections to the Exclusion Requests

as well as beneficiary interest as an alleged intended beneficiary of Section 232. Id.

at 8. Alternatively, U.S. Steel contends that its Motion to Intervene should be

granted pursuant to the court's discretion to permit intervention under CIT Rule

24(b) because U.S. Steel will be adversely affected or aggrieved by a ruling in favor of

NLMK and no party will be prejudiced by U.S. Steel's intervention. Id. at 8–11.

Finally, U.S. Steel asks the court to stay these proceedings pending its appeal of NAI

---

[5] According to U.S. Steel, NLMK alleges in the WDPA Action that U.S. Steel "defrauded Commerce, causing the agency to wrongfully deny all of NLMK's exclusion requests." Mot. to Intervene at 5; see also NLMK Intrvntn. Opp. at 14 (the WDPA Action "alleges that U.S. Steel engaged in unfair competition by making various misrepresentations to [Commerce]" (internal quotation marks omitted)).

to conserve judicial resources and because NLMK will not be prejudiced by a stay. Mot. to Stay at 4–5.

NLMK opposes the Motion to Intervene on the grounds that U.S. Steel is collaterally estopped from re-litigating the issues already decided in <u>NAI</u>. NLMK Intrvntn. Opp. at 2–7. NLMK further opposes the Motion to Intervene on the grounds that U.S. Steel does not meet the requirements for intervention by right because the Government can adequately represent U.S. Steel's interests in this action, U.S. Steel has no direct interest in the outcome of this action, and that the WDPA Action does not provide any interest because the record in this case was created at the agency level and is now closed. <u>Id.</u> 7–15. Finally, NLMK contends that U.S. Steel should not be permitted to intervene because it will not be aggrieved by any decision in this action, and because U.S. Steel's intervention would prejudice NLMK by delaying the final resolution of the action. <u>Id.</u> 15–17. NLMK also opposes the Motion to Stay on the grounds that a stay would prejudice NLMK by potentially delaying the return of $130 million that NLMK could use in its business operations, that U.S. Steel failed to meet its burden of demonstrating that it would be prejudiced without a stay, and that U.S. Steel's purported justification for a stay—to conserve resources—is insufficient and unsupported. NLMK Stay Opp. at 3–5.

The Government opposes U.S. Steel's Motion to Intervene as of right because "manufacturers, such as U.S. Steel, do not meet the standard for intervention as of right", U.S. Steel identifies no interests that qualify for intervention, and "any

interest that they have is not of such a direct and immediate character that they will

gain or lose by direct effect of the judgment." Def. Br. at 2. The Government further

contends that U.S. Steel has not met its burden to demonstrate a stay is necessary.

Id. Finally, the Government takes no position on U.S. Steel's request to be permitted

to intervene under CIT Rule 24(b). Id. at 3.

## I.    Intervention as of Right

U.S. Steel has not met its burden to intervene as of right because it does not

have a legally protectable interest that will be directly affected by the outcome of this

action. U.S. Steel's asserted interest in this action amounts to a speculative

contention that it will suffer economic harm in the form of potential lost sales if the

court ultimately rules in favor of NLMK. Moreover, U.S. Steel's purported

participatory interest resulting from its objection to the Exclusion Requests is

unsupported by the statutory and regulatory scheme governing Section 232 tariffs,

which also do not convey any beneficiary interest upon U.S. Steel.

U.S. Steel contends that its interests in developing the domestic steel industry

in the name of national security will be harmed if the Government is ordered to

refund to NLMK the Section 232 duties collected for the entries at issue in the

Exclusion Requests. Mot. to Intervene at 5. Assuming U.S. Steel will indeed lose an

advantage as a result of a ruling in NLMK's favor, that harm is both economic and

indirect. See Am. Maritime Transp., Inc. v. United States, 870 F.2d 1559, 1561–62

(to intervene, interest in action must be direct, and economic interests are

insufficient).  This action concerns a limited number of imports, the duties for which have already been paid by NLMK; NLMK seeks a refund of the Section 232 duties for those entries.  Compl. ¶ 31, Request for Relief.  U.S. Steel does not identify any non-economic harm that it will endure as a result of NLMK receiving refunds.  Moreover, it is unclear from U.S. Steel's papers what effect a ruling in this action would have as the Exclusion Requests relate to past entries.[6]  See NLMK Inrvntn. Opp. at 16.  U.S. Steel does not assert that the projects for which NLMK imported the steel that is the subject of the Exclusion Requests are still pending such that U.S. Steel could stand to gain or lose any sales based on this court's ruling, see Mot. to Intervene; Proposed Answer, and NLMK does not challenge the legality of the Section 232 tariffs generally.  See Compl.  Therefore, U.S. Steel failed to show that it has any direct interest in the outcome of this case.

U.S. Steel further contends that it has a legally protectable interest in the outcome of this case based on its participation as an objector to NLMK's Exclusion Requests before Commerce.  Mot. to Intervene at 4.  However, U.S. Steel's limited right to object to the Exclusion Requests at the agency level does not extend to

---

[6] At best, U.S. Steel speculates that if NLMK were to prevail in this case, and if NLMK were to obtain a future successful exclusion request on the same product (albeit on a different administrative record), and if U.S. Steel in the future were able to develop the ability and desire to compete for that business, U.S. Steel would be economically harmed.

participating in this action.[7]  U.S. Steel does not have a statutory right to participate

in the Section 232 Exclusion request process.  See 19 U.S.C. § 1862.  At most,

Congress provided that Commerce should seek public comment "if it is appropriate."

Id. § 1862(b)(2)(A)(iii).  U.S. Steel's right to object to NLMK's Exclusion Requests is a

creation of Commerce itself, and by its own limited terms plainly does not create any

right or "legally protectable interest" to participate in any action before the CIT.  See

NAI, 519 F. Supp. 3d at 1324–25.

Finally, U.S. Steel contends that it has a beneficiary interest because it is an

"expressly identified beneficiary of Section 232 tariffs on steel articles."  Mot. to

Intervene at 8.  U.S. Steel cites no authority for this position.  See id.  Moreover, the

goal of Section 232 is to protect the national security of the United States; any benefit

to the domestic industry is secondary, and any benefit to specific domestic producers

is incidental.  See 19 U.S.C. § 1862.  As discussed, Section 232 provides no statutory

authority for U.S. Steel to intervene as a matter of right whether U.S. Steel frames

its purported interest as participatory or beneficiary.  Id.

U.S. Steel contends that it is "uniquely qualified to apprise the Court of the

potential harm to the domestic industry if this action is allowed to proceed and the

product exclusions are granted."  Mot. to Intervene at 7.  However, "the potential

---

[7] Contrast the limited scope of 15 C.F.R. § Pt. 705, Supp. 1(d)–(g) with the broad
statutory and regulatory rights interested parties have in antidumping and
countervailing duty investigations.  See, e.g., 19 U.S.C. § 1671a; 28 U.S.C.
§ 2631(j)(1)(B); 19 C.F.R. §§ 351.102(b)(29), 351.201(a), 351.301.

harm to the domestic industry" is not an issue before the court.  As discussed, NLMK

challenges Commerce's decisions to deny the Exclusion Requests as arbitrary and

capricious because NLMK alleges that the uncontroverted evidence demonstrated

that the domestic industry could not supply the steel slab NLMK needed.  Compl. ¶¶

14, 18, 27.  Moreover, exclusion requests are granted or denied based only on whether

"an article is not produced in the United States in a sufficient, reasonably available

amount, and of a satisfactory quality, or for specific national security considerations."

15 C.F.R. § Pt. 705, Supp. 1(c)(5)–(6)(ii).  "Potential harm to the domestic industry" is

not a basis for an exclusion request to be denied.  Id. § Pt. 705, Supp. 1(c)(6)(i)–(iii),

(d)(4).

U.S. Steel asserts that its interest in the WDPA Action gives it an interest in

this action.  Mot. to Intervene at 7.  In support of this theory, U.S. Steel contends that

it has "an ongoing and direct interest in representing its own interests in this case,

ensuring that the record in this action is both complete and accurate, and ensuring

that the ultimate outcome in this case does not have any negative impact on the

[WDPA Action]."  Id. at 5–6.  U.S. Steel further claims that "it is imperative that U.S.

Steel be able to provide information and evidence on its own behalf in this

proceeding."  Id. at 6.  This line of argument relies on a fundamental misapprehension

of the present action.  NLMK has asked the court to review Commerce's denials of

the Exclusion Requests.  Compl. ¶ 1.  The court's review of Commerce's decisions is

based solely on the record developed at the agency level; the court will not entertain

submissions of new evidence or find facts.  See 28 U.S.C. § 2640(e); 5 U.S.C. § 706.

The U.S. District Court for the Western District of Pennsylvania ("WDPA"), on the

other hand, will accept submissions of evidence and find its own facts if it finds

NLMK's complaint is legally sufficient.  U.S. Steel does not explain what if any

precedential value this court's determination of whether Commerce acted contrary to

law would have in the WDPA action, and the WDPA will certainly make its own

factual findings independent of this Court.  The facts relevant to this action are set

forth in the administrative record.  See 5 U.S.C. § 706.  Therefore, U.S. Steel's

purported interest based on the WDPA Action is insufficient to provide U.S. Steel

with a right to intervene.  Moreover, the Government is perfectly capable of defending

the administrative record developed by Commerce.[8]

## II.    Permissive Intervention

U.S. Steel also fails to persuade the court that it should be permitted to

intervene.  U.S. Steel will not be aggrieved or adversely affected by any decision in

this action because the only relief sought in this action is a refund of duties already

paid on a limited number of entries.  U.S. Steel's claim that a decision in favor of

---

[8] U.S. Steel contends that the Government will not adequately represent U.S. Steel's interests because the Government has settled or mediated similar Section 232 Exclusion cases.  Mot. to Intervene at 7.  Since U.S. Steel has not identified a legally protectable interest that will be directly affected by the outcome of this action that is separate from the Government's interest, U.S. Steel cannot complain that the Government's hypothetical attempt to mediate its own interests harms U.S. Steel.

Court No. 21-00507                                                                    Page 15

NLMK will have an effect on future entries subject to Section 232 tariffs is mistaken.[9]

Moreover, U.S. Steel's assertions that a ruling in favor of NLMK would have vast

repercussions on the domestic steel market are speculative and irrelevant.

> CIT Rule 24(b)(1)(A)[10] provides that:
>
> On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute.

No party disputes that U.S. Steel's motion is timely, so the court will only analyze the

other requirements of CIT Rule 24(b)(1).

U.S. Steel asserts that it meets the requirements of CIT Rule 24(b)(1)(A)

because 28 U.S.C. § 2631(j)(1) gives U.S. Steel a conditional right to intervene. Mot.

to Intervene at 9–10. Section 2631(j)(1) provides, "[a]ny person who would be

adversely affected or aggrieved by a [CIT] decision" may seek the Court's permission

to intervene. 28 U.S.C. § 2631(j)(1). U.S. Steel reasons that it will be aggrieved or

adversely affected by the outcome of this case because it objected to the Exclusion

Requests[11] and because a ruling in favor of NLMK "would result in an increase in

---

[9] If NLMK, or any other importer, seeks Section 232 Exclusions on future entries, U.S. Steel will have the opportunity to voice its objections pursuant to the interim final rules promulgated by Commerce. Commerce must decide whether any future entries should or should not be excluded on case-by-case basis by determining if the domestic industry is capable of supplying the goods at issue. 15 C.F.R. § Pt. 705, Supp. 1(c)–(g).

[10] U.S. Steel only moves for permissive intervention under CIT Rule 24(b)(1)(A). Mot. to Intervene at 8–11.

[11] As already discussed, U.S. Steel's objections to the Exclusion Requests do not confer any right to participate in this court proceeding, and furthermore do not confer any protectable interest in the outcome of this action.

tariff-free imports of directly competitive products and directly competitive derivatives that would harm U.S. Steel by suppressing prices and eliminating sales opportunities." Mot. to Intervene at 10. U.S. Steel misstates the potential consequences of this case. The imports at issue have already entered and if NLMK succeeds in this case it will receive a refund. Compl. ¶ 31. U.S. Steel does not contend that it produced the steel slab for which NLMK sought exclusions. See Mot. to Intervene; Propsoed Answer. Indeed, NLMK paid the increased Section 232 tariffs to import the slab it needed. Compl. ¶¶ 10–12, 31, Request for Relief. Any future disputes relating to Section 232 Exclusions will be decided by Commerce on a case-by-case basis. See 15 C.F.R. § Pt. 705, Supp. 1.

Moreover, U.S. Steel's assertion that a ruling refunding duties to NLMK would result in future tariff-free imports, suppressed prices, or lost sales opportunities is unsupported. In support of its argument regarding the purported broad economic impact of a ruling in favor of NLMK, U.S. Steel offers nothing more than a few conclusory sentences in its Motion to Intervene. See Mot. to Intervene at 10. Likewise, in its Proposed Answer, U.S. Steel fails to allege any facts that would lead to the conclusion that this case would have an impact on anything other than the limited entries to which the Exclusion Requests relate. See Proposed Answer. U.S. Steel falls far short of its burden to demonstrate the type of injury it attempts to rely on. See Gen. Electric Co. v. United Technologies Corp., 928 F.3d 1349, 1353–54 (Fed. Cir. 2019) (no standing to appeal based on purported competitive injuries without

evidence of lost business or lost opportunities). Although U.S. Steel need not demonstrate standing, conclusory statements are insufficient to show that it will be aggrieved or adversely affected.[12]

---

[12] NLMK asserts that the standing analysis set forth in NAI should apply here. NLMK Intrvntn. Opp. at 7, 16. Standing is not an issue in this case. Generally, standing is a requirement for plaintiffs, not defendants, and U.S. Steel seeks to intervene as a defendant. See Virginia House of Delegates v. Bethune-Hill, 139 S. Ct. 1945, 1952 (2019) (defendant-intervenor "did not need to establish standing" to participate but did need standing to appeal). U.S. Steel makes no claim and seeks no affirmative relief, and therefore does not invoke this Court's jurisdiction. See Proposed Answer. The cases relied on in NAI and PrimeSource Bldg. Prods., Inc. v. United States, 494 F. Supp. 3d 1307, 1318–20 (Ct. Int'l Trade 2021) (Baker, J., concurring), mostly discuss intervenor standing in the context of either proposed plaintiff-intervenors or defendant-intervenors seeking to invoke appellate jurisdiction. See Town of Chester, N.Y. v. Laroe Estates, 137 S. Ct. 1645 (2017) (plaintiff-intervenor); Canadian Wheat Bd. v. United States, 33 C.I.T. 1204 (2009) (same); Samsung Electronics Co. v. Rambus, Inc., 523 F.3d 1374 (Fed. Cir. 2008) (plaintiff challenged its own standing to appeal order denying attorneys' fees; no issue of intervenor standing); Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania, 140 S. Ct. 2367 (2020) (defendant-intervenor's standing to appeal); Arizonans for Official English v. Arizona, 520 U.S. 43 (1997) (same); Diamond v. Charles, 476 U.S. 54 (1986) (same). Only one case cited in either NAI or PrimeSource discusses the need for a proposed defendant-intervenor to demonstrate standing to defend in district court, and that case expressly did not decide the issue. See McConnell v. Fed. Election Comm'n, 540 U.S. 93, 233 (2003), overruled in part on other grounds, Citizens United v. Fed. Election Comm'n, 558 U.S. 310 (2010). McConnell's cursory discussion of the defendant's standing is dicta. Moreover, defendants are generally not required to have standing at the district court level. But see City of Chicago v. Fed. Emergency Mgmt. Agency, 660 F.3d 980 (7th Cir. 2011) (holding that an intervenor must satisfy standing requirements if it seeks relief different than the parties already in the case; the proposed intervenors, while seeking to intervene as defendants, also sought to interpose what amounted to a crossclaim for a declaratory judgment interpreting their contracts with the defendant, which required standing to assert). Defendants do not usually invoke a trial court's jurisdiction and do not claim to have been injured unless they seek affirmative relief.

Even excusing the conclusory nature of U.S. Steel's argument, the court does not agree that the type of economic impacts of which U.S. Steel warns logically stem from a ruling in favor of NLMK in this action. As discussed, this case involves duties that were already paid for steel slab that was already imported and presumably used. NLMK Intrvntn. Opp. at 16. U.S. Steel does not claim otherwise. NLMK does not request that the court strike down all Section 232 tariffs on steel slab, only that the specific entries at issue should be excluded. Thus, this case will not necessarily affect future requests for exclusions from the Section 232 tariffs.

Finally, NLMK argues that U.S. Steel is collaterally estopped from intervening in this case because NAI has already denied U.S. Steel's attempts to intervene in other Section 232 exclusion cases brought by other steel slab importers, in which U.S Steel asserted the same intervention rights based on the same arguments. NLMK Intrvntn. Opp. at 2–7. Because the court concludes that U.S. Steel has not met its burden to demonstrate that it is entitled to intervene, the court need not address NLMK's defense that U.S. Steel is collaterally estopped from litigating these issues.[13] See Flex-Foot, Inc. v. CRP, Inc., 238 F.3d 1362, 1367 n.2 (Fed. Cir. 2001) ("collateral estoppel is an affirmative defense" (internal quotation marks omitted)).

---

[13] In any event, the court is skeptical of the applicability of the doctrine of collateral estoppel to this case. Although the imported products appear to be the same as those at issue in NAI, this proceeding is based on a different administrative record. Moreover, U.S. Steel asserts additional alleged interests that accrued after the Court's decision in NAI, which could not be subject to collateral estoppel.

## III.    Motion to Stay

Finally, the court denies U.S. Steel's motion to stay.  U.S. Steel contends that this action should be stayed pending U.S. Steel's appeal of <u>NAI</u>.  Mot. to Stay at 1. U.S. Steel devotes the majority of its argument to the merits of its pending appeal. <u>Id.</u> at 2–4.  Additionally, it contends that NLMK will not be prejudiced by a stay because it has already paid the duties at issue, and that a stay is in the interest of judicial economy.  <u>Id.</u> at 4–5.  U.S. Steel has not demonstrated that a stay is warranted.

U.S. Steel's first justification for a stay—that NLMK will allegedly not be prejudiced—is both insufficient and incorrect.  The lack of prejudice, by itself, is just one factor that may be considered on a motion to stay.  The court must balance the competing interests weighing for and against a stay.  <u>Landis</u>, 299 U.S. at 254–55. Here, the parties have an interest to quickly resolve the dispute before the court. NLMK commenced this action seeking a refund of some $130 million in duties that it alleges should have been excluded from the Section 232 tariffs.  Compl. ¶¶ 1, 31.  In this case, assuming NLMK is ultimately successful in this action, the delay in being refunded that amount of money constitutes prejudice to NLMK inasmuch as it will not have access to $130 million to which it is legally entitled.  U.S. Steel, on the other hand, has no direct legally protectable interest in this action or in staying these proceedings.  Moreover, having found that NLMK may be prejudiced by a stay, U.S.

Steel was required to demonstrate "a clear case of hardship or inequity." Id. at 255. U.S. Steel failed to make such a showing.

U.S. Steel's second justification for a stay is likewise inadequate. U.S. Steel contends that a stay would "prevent the need for a lengthy round of briefing on [the Motion to Intervene] and thus conserve the resources of the Court and the parties." Mot. to Stay at 4. But the parties already fully briefed the Motion to Intervene, so granting a stay would not have any conservational effect with respect to the briefing of that motion.[14] Although a stay would temporarily conserve resources by pausing any litigation of this action, the stay would not have any effect on judicial or party resources in the long-run, as U.S. Steel only wants the action stayed until the Court of Appeals has decided U.S. Steel's appeal of NAI. Once that decision has been made, the parties would be in the same position they are now, albeit with somewhat more clarity on U.S. Steel's participation. The NAI appeal will not resolve any part of NLMK's Complaint. Therefore, the proposed stay would not conserve any judicial or party resources.

Finally, having found that U.S. Steel has not met its burden to show that it is entitled or should be permitted to intervene, it is unclear the basis on which U.S. Steel, as a non-party, is permitted to seek any affirmative relief from the Court. If the Court of Appeals reverses NAI, U.S. Steel may renew its motion to intervene and

_____

[14] U.S. Steel does not specify how a stay would conserve resources other than the erroneous contention that the parties would not have to brief the Motion to Intervene.

Court No. 21-00507                                                    Page 21

explain to the court how any such Court of Appeals' decision warrants a different

decision on U.S. Steel's request to intervene in this case.

### CONCLUSION

For the foregoing reasons, U.S. Steel's Motion to Intervene and Motion to Stay

are denied, and it is

**ORDERED** that the Motion to Intervene and the Motion to Stay are DENIED.


          /s/ Claire R. Kelly
          Claire R. Kelly, Judge

Dated:      December 3, 2021
              New York, New York