IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:      THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |  |
|---|---|---|
| NLMK PENNSYLVANIA, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No.    21-00507 |
| UNITED STATES, | ) | |
| Defendant. | ) | |

ORDER

Upon consideration of the defendant's motion for a partial voluntary remand, and all responses thereto, it is hereby ORDERED that the motion is GRANTED; and it is further

ORDERED that, of the 54 Department of Commerce final determinations not to exclude steel slab products from the remedy imposed by the President under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862 that are challenged in this action, 15 are remanded to Commerce for reconsideration in accordance with this order; and it is further

ORDERED that:

- Upon issuance of this order, Commerce shall file its remand results on these 15 exclusion requests—identified by exclusion request numbers 111695, 111701, 111709, 111713, 111718, 111725, 111729, 111740, 111745, 111748, 111752, 111762, 111773, 111781, and 111782—no later than 150 days after the date of this order;

- Commerce shall file its answer and the administrative record for the remaining 39 exclusion requests, which are not covered by this remand request, as previously specified

1

in this Court's order, dated November 9, 2021 (ECF No. 22); and

- After the filing of the remand results, the parties shall within 14 days of that filing submit a joint proposal for further proceedings as to Commerce's remand results on the 15 exclusion requests specified in this order.

SO ORDERED.

_____, 2021                              _____

                                                     New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| NLMK PENNSYLVANIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No.   21-00507 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

<u>DEFENDANT'S MOTION FOR PARTIAL VOLUNTARY REMAND</u>

Defendant, the United States, respectfully requests that the Court partially remand the challenged actions of the United States Department of Commerce for the agency to reconsider 15 of its 54 final determinations not to exclude imports of semi-finished stainless steel slab from Russia from the remedy imposed by the President under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862.

If this motion is granted, Commerce intends to reconsider these 15 exclusion requests and provide additional explanation for its decisions.  Commerce will issue new determinations on these requests to either: (1) grant the requests excluding some or all of these products from the scope of the Section 232 measure on steel imports; or (2) deny the exclusion requests. Regardless of the Court's ruling on this motion, Commerce intends to file its answer and administrative record on the remaining 39 exclusion requests as previously specified in this Court's order, dated November 9, 2021.  ECF No. 22.

On December 20, 2021, we informed counsel for the plaintiff that we intended to seek a voluntary remand on these 15 exclusion requests.  On December 22, 2021, counsel for the plaintiff represented that the plaintiff wishes to consider our filing before offering a position on the request for remand.  But counsel for the plaintiff further represented that, regardless of its ultimate position on remand, plaintiff would oppose the length of time, *i.e.* 150 days, we request below.

BACKGROUND

Pursuant to the authority granted the President under Section 232, Proclamation 9705 established a 25 percent tariff on imports of most steel products.  *Adjusting Imports of Steel Into the United States, Proclamation No. 9705 of March 8, 2018*, 83 Fed. Reg. 11,625 (Mar. 15, 2018).  In implementing the steel tariff, the President "authorized [Commerce] to provide relief from the additional duties set forth in clause 2 of this proclamation for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" "and []also []to provide such relief based upon specific national security considerations." *Proclamation No. 9705*, 83 Fed. Reg. at 11,627.

Broadly speaking, plaintiff NLMK Pennsylvania, LLC (NLMK) sought exclusions for two different types of semi-finished stainless steel slab from Russia—10" thick and 8" thick—in the form of 54 different exclusion requests.  *E.g.*, Compl. ¶¶ 11-12; *see* Compl. Ex. 1. Commerce (Bureau of Industry and Security, or BIS) rejected those requests.  Commerce issued these denials because it found that the domestic industry was capable of timely manufacturing sufficient quantities (of sufficient quality) of the requested merchandise or of providing a suitable substitute.  In its complaint, NLMK contends, in part, that Commerce has failed to

2

provide sufficient analysis or reasoning for its denials of the exclusion requests.  *E.g.*, Compl. ¶¶ 58-59.

In the beginning of Commerce's administration of the exclusion process in 2018 through 2019, Commerce officials met with interested parties (both requesters and objectors) to discuss exclusion requests and the exclusion program generally.  BIS has no regulation requiring the documentation of such meetings and, at the time, did not have a practice of limiting or contemporaneously documenting any of those meetings.  That practice changed in late 2019.

In a management alert issued in late 2019, the Department of Commerce's Office of the Inspector General (OIG) stated that the lack of contemporaneous documentation of these types of meetings gave the "appearance that Department officials may not be impartial or transparent and are potentially making decisions based on evidence not contained in the official record for specific exclusion requests."  *See* Management Alert: Certain Communications by Department Officials Suggest Improper Influence in the Section 232 Exclusion Request Review Process Final Memorandum No. OIG-20-003-M (Oct. 28, 2019) (hereafter, OIG Management Alert).[1] Significantly, no determination was made that any agency officials acted in bad faith or without impartiality.

In its complaint, however, NLMK cites this memorandum, among other things, claiming that the Inspector General expressed "serious concern" regarding "irregularities in the process" to support its request for relief.  Compl. ¶ 19 (quoting OIG Management Alert).

---

[1]  The memorandum is available at https://www.oig.doc.gov/Pages/Management-Alert-Certain-Communications-by-Department-Officials-Suggest-Improper-Influence-in-the-Section-232-Exclusion-Req.aspx

ARGUMENT

I.    Standard Of Review

Voluntary remand is consistent with the principle that "[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Trujillo v. General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)).

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Indeed, under the circumstances here, which involve weighing multiple interests and evidence from disparate sources, "a remand to the agency is required, absent the most unusual circumstances verging on bad faith." *Id.* at 1029-30 (identifying the appropriateness of remand with respect to a change in policy relating to the interpretation of an ambiguous statute); *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action.").

Remand is "usually appropriate" if "the agency's concern is substantial and legitimate." *SKF*, 254 F.3d at 1029. Commerce's concerns are substantial and legitimate where: (1) "Commerce provided a compelling justification for its remand request," (2) "the need for finality - although an important consideration - does not outweigh the justification for voluntary remand presented by Commerce," and (3) the "scope of Commerce's remand request is appropriate." *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005).

4

"If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

II.    Commerce's Request For Remand Is Based In Substantial and Legitimate Concerns

We respectfully request that the Court remand Commerce's determinations for 15 of the 54 exclusion requests at issue in this case for further consideration, without confessing error. These exclusion requests are identified by the following Exclusion Request Identification Numbers: 111695, 111701, 111709, 111713, 111718, 111725, 111729, 111740, 111745, 111748, 111752, 111762, 111773, 111781, and 111782.

First, Commerce has a compelling justification for its request for voluntary remand. Commerce acknowledges that this Court, in *JSW Steel, Inc. v. United States*, found that Commerce's denials of the exclusion requests at issue in that case were "devoid of explanation and frustrate judicial review."  466 F. Supp. 3d 1320, 1330 (Ct. Int'l Trade 2020).  Based on its review of the decision memoranda and underlying recommendations in this case, which are similar in process and scope of analysis as those reviewed in *JSW*, Commerce wishes to reconsider these 15 exclusion decisions and to provide additional reasoning or analysis, as necessary.

Additionally, we recognize that despite our best efforts to provide the Court and parties with documents and information in existence concerning communications between interested parties and Commerce while the exclusion requests were pending, the Court may nonetheless conclude that the existing record for these 15 requests is incomplete.  Commerce therefore

proposes, on remand, to reconsider the exclusion requests by engaging in a new and independent review of a record limited to: (1) the original exclusion request; (2) the parties' original objections, rebuttals and sur-rebuttals, and (3) any other information that the decision-maker considers, which will be documented in the record.

Because Commerce will be making new determinations, the proposed remand eliminates disputes about what was before the decision-maker at the time the original decisions were made, or any claim that the agency decision-maker previously considered *ex parte* information. Although we do not believe that a new decision-maker is necessary to decide remanded claims, Commerce has also agreed to a new decision-maker on these 15 requests to eliminate plaintiff's purported concerns about the record and Commerce's decisions.  Thus, a partial voluntary remand at this stage, to create and decide the exclusion requests based on a new and independent review of the original record submissions, will eliminate potential disputes about the completeness of record.

Second, the need for finality is not outweighed by the agency's justification.  Indeed, NLMK seeks to overturn Commerce's denials of its exclusion requests.  *See* Compl. Request for Relief.  On remand, Commerce could grant some or all of these 15 exclusion requests.  Thus, "remanding for reconsideration now essentially expedites relief that {the plaintiff} seeks and may obviate the necessity for remand (or, perhaps, any proceedings) later" on these disputed requests. *Borusan Mannesmann Pipe U.S. Inc. v. United States*, 2020 Ct. Intl. Trade LEXIS 95 (July 20, 2020).  Should Commerce grant an exclusion on remand, the one-year exclusion will be retroactive to the date the request for exclusion was accepted by Commerce.  *Proclamation 9777 of August 29, 2018, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 45,025, 45,026, cl. 5 (Sept. 4, 2018).

Third, the scope of our request is appropriate.  Commerce intends to fully reconsider all aspects of these 15 exclusion requests based on a new and independent review by a new decision-maker.  This scope is broad, but it is also necessary and proportional to resolve the issues presented by these affected requests.  Even so, our request is also tailored, as demonstrated by the fact that we are not requesting remand on every challenged request.  We are limiting our request to only the exclusion requests that we believe are affected by the issues this Court has previously identified, thereby narrowing the scope of our remand request to the Court.  The 39 requests for which we do not seek remand were later in time, by which point Commerce had:  (1) implemented a new decision format for its decisions (different from the format at issue in *JSW*), and (2) begun the practice of limiting and contemporaneously documenting *ex parte* communications.  These other 39 requests, therefore, do not appear to have been affected by same the issues this Court previously identified, and we thus do not request that the Court remand them.

Commerce's request is substantial and legitimate.  The partial remand will conserve judicial resources on issues that may be mooted or resolved by the agency's further consideration.  Further, the partial remand will provide the opportunity for meaningful judicial review of new determinations based upon the parties' original submissions, thus resolving any dispute as to the scope of the administrative record.  *See Fla. Power & Light*, 470 U.S. at 744; *see, e.g., Katunich v. Donovan*, 5 C.I.T. 274, 275 (1983) (remanding to agency upon finding that administrative record was incomplete).  Moreover, when a reviewing court is unsure of an agency's reasoning, the proper course is to remand "to afford the agency an opportunity to set forth its view in a manner that would permit reasoned judicial review."  *Checkosky v. SEC*, 23

F.3d 452, 462 (D.C. Cir. 1994) (separate opinion of Silberman, J.).  In sum, a voluntary remand will foster the just, speedy, and inexpensive resolution of this case.  USCIT R. 1.

In seeking 150 days to conduct the remand, Commerce has considered its limited resources, the time necessary for a new decision-maker to consider the record information, and its ongoing statutory obligations.  In particular, there are currently over 16,800 pending exclusion requests before Commerce, which, in general, Commerce must decide within 106 days. Moreover, Commerce has sought voluntary remands in other exclusion cases.  The status of some requests are uncertain because several cases are still in mediation, while others have been returned for litigation.  These developments require that Commerce be able to stagger the schedules for remand proceedings in these cases.  For instance, this Court recently granted voluntary remand requests to reconsider exclusion requests in *CPW v. United States*, No. 21-00335 (Ct. Int'l Trade) and *Mirror Metals, Inc. v. United States*, No. 21-00144 (Ct. Int'l Trade). Commerce's remand decision in the former case is due no later than January 24, 2022. Commerce's remand decisions in the latter case, which involve over 40 exclusion requests, are due no later than April 18, 2022.  Commerce must devote the time and resources to address these other competing obligations.  To ensure that Commerce has sufficient bandwidth to address these additional 15 exclusion requests, Commerce requests that the due date of this remand fall at a reasonable time after the *Mirror Metals* due date.

The duration of our request will not prejudice the plaintiff.  If, on remand, Commerce grants an exclusion, NLMK will then be able to notify CBP and request to apply the exclusion to any eligible entries.  If CBP determines that a claimed exclusion applies to eligible merchandise

covered by the entries, those entries may then be liquidated without section 232 duties, and with interest provided for by law.[2]

 For these reasons, we respectfully request that the Court grant our motion for partial voluntary remand.


       Respectfully submitted,

       BRIAN M. BOYNTON
       Acting Assistant Attorney General

       PATRICIA M. McCARTHY
       Director

       /s/Tara K. Hogan
       TARA K. HOGAN
       Assistant Director

OF COUNSEL:     /s/ Meen Geu Oh
       MEEN GEU OH
Kenneth Kessler, Esq.   Senior Trial Counsel
Rachel Morris, Esq.    KYLE S. BECKRICH
Office of Chief Counsel for  Trial Attorney
Industry and Security   Department of Justice
Department of Commerce  Civil Division
       Commercial Litigation Branch
       P.O. Box 480, Ben Franklin Station
       Washington, D.C. 20044
       Tel.:  (202) 307-0184
       Email: Meen-Geu.Oh@usdoj.gov

Dated: December 23, 2021  Attorneys for Defendant

---

 [2] "[S]teel . . . articles specified in the approved decision memo in entries that have not been liquidated by CBP are those eligible for tariff refunds or tariff exclusions."  85 Fed. Reg. 81,060, 81,064 (Dep't of Commerce Dec. 14, 2020).  Recognizing that potentially covered merchandise could enter the United States while an exclusion request is pending, CBP has provided guidance to importers on how to claim an exclusion on previously imported entries. CSMS #39633923, UPDATE: Submitting Imports of Products Excluded from Duties on Imports of Steel or Aluminum (Sept. 3, 2019), *available at* https://content.govdelivery.com/accounts/USDHSCBP/bulletins/25cc403.