Slip Op. 22-7

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NLMK PENNSYLVANIA, LLC, | |
| Plaintiff, | |
| v. | Before: Claire R. Kelly, Judge |
| UNITED STATES, | Court No. 21-00507 |
| Defendant. | |

# OPINION AND ORDER

[Granting in part and denying in part defendant United States' motion for partial remand.]

Dated: February 1, 2022

Sanford Litvack, Chaffetz Lindsey LLP, of New York, NY, for plaintiff NLMK Pennsylvania, LLC. Also on the brief were Andrew L. Poplinger, and R. Matthew Burke.

Tara K. Hogan, Assistant Director, Meen Geu Oh, Senior Trial Counsel, and Kyle S. Beckrich, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant United States. Also on the brief were Brian Boynton, Acting Assistant Attorney General, and Patricia M. McCarthy, Director. Of counsel on the brief was Kenneth Kessler and Rachel Morris, Office of Chief Counsel for Industry and Security, Department of Commerce.

     Kelly, Judge: Before the court is Defendant's motion for partial remand. Def.'s Mot. for Partial Voluntary Remand, Dec. 23, 2021, ECF No. 27 ("Def.'s Mot."). Defendant asks the court to remand 15 of the 54 final determinations not to exclude imports of semi-finished stainless steel slab from Russia (the "Subject Exclusions"), currently before the court, to the U.S. Department of Commerce ("Commerce" or

"Department") for reconsideration and additional explanation. Id. at 1. Plaintiff NLMK Pennsylvania, LLC ("NLMK") does not oppose Defendant's request for a partial remand but argues that any remand should be conducted with certain parameters in place. Pl.'s Memo. of Law in Resp. to [Def.'s Mot.] 2, Jan. 13, 2022, ECF No. 34 ("Pl.'s Resp."). Plaintiff further argues that the timeline for remand proposed by Commerce is inappropriate. Id. at 4, 10. For the following reasons, the court grants in part and denies in part Defendant's motion for partial remand.

## BACKGROUND

Plaintiff commenced this action challenging Commerce's denial of Plaintiff's requests for certain imports of steel products to be excluded from tariffs imposed on steel imports pursuant to Section 232 of the Trade Expansion Act of 1962, as amended ("Section 232"), Pub. L. 87-794, § 232, 76 Stat. 872, 877 (1962), codified in various sections of Titles 19 and 26 of the U.S. Code.[1] See Am. Compl., ¶ 1, Jan. 27, 2022, ECF No. 38. From 2018-2019, officials from Commerce's Bureau of Industry and Security ("BIS") met with parties requesting and objecting to exclusions ("interested parties"). Def.'s Mot. at 3. BIS officials and the interested parties discussed the exclusion program and the exclusion process generally. Id. At the time, BIS lacked regulations or procedures to limit or contemporaneously document meetings with

---

[1] The court assumes familiarity with Commerce's Section 232 exclusion review process as explained in its prior opinion denying motions to stay and intervene, see NLMK Pennsylvania, LLC v. United States, No. 21-00507, 2021 WL 5755634, *1, 2 (Ct. Int'l Trade Dec. 3, 2021), and now only recounts new information about the Section 232 exclusion review process necessary for this opinion.

interested parties.  Id.  BIS policy changed following a management alert issued by Commerce's Office of the Inspector General in late 2019, stating the lack of contemporaneous documentation of meetings with interested parties "gave the appearance that Department officials may not be impartial or transparent and are potentially making decisions based on evidence not contained in the official record for specific exclusion requests."[2]  Management Alert: Certain Communications by Department Officials Suggest Improper Influence in the Section 232 Exclusion Request Review Process Final Memorandum No. OIG-20-003-M (Oct. 28, 2019) ("OIG Management Alert"); see also id. at 3.

On December 23, 2021, Defendant filed a motion for partial remand to reconsider the Subject Exclusions.[3]  Def.'s Mot.  On January 7, 2022, Commerce filed its answer and the administrative record for the remaining 39 exclusion requests before the court.  Answer, Jan. 7, 2022, ECF No. 30; Public Admin. R., Jan. 7, 2022, ECF No. 32; Confidential Admin. R., Jan. 7, 2022, ECF No. 33.  On January 13, 2022, Plaintiff filed a response to Defendant's motion.  Pl.'s Resp.  On January 27, 2022, Defendant filed an unopposed motion to file a reply or, in the alternative, request a status conference.  Def.'s Mot. for Leave to File a Reply in Supp. of [Def.'s Mot.],

---

[2] Plaintiff alleges that the 54 Section 232 exclusion determinations before the court were influenced by ex parte communications between domestic producers and Commerce.  Am. Compl. ¶ 8.

[3] Defendant seeks to remand the following exclusion requests, identified by their Exclusion Request Identification Numbers: 111695, 111701, 111709, 111713, 111718, 111725, 111729, 111740, 111745, 111748, 111752, 111762, 111773, 111781, and 111782.

Alternative Mot. for Status Conference, Jan. 27, 2022, ECF No. 35.  The court granted Defendant's motion, allowing it to file its reply brief.  Order, Jan. 27, 2022, ECF No. 36; Def.'s Reply in Supp. [Def.'s Mot.], Jan. 27, 2022, ECF No. 37.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(B) and (D) (2018) granting the court jurisdiction over a civil action arising out of any U.S. law providing for "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue" and the administration and enforcement of such laws.  28 U.S.C. § 1581(i)(1)(B), (D).

When an "agency recognizes deficiencies in its decisions, explanations, or procedures . . . it may ask the court to remand the case back to the agency so that it may correct the deficiency." 3 Charles H. Koch, Jr., Administrative Law and Practice § 8:31(d) (3d ed. 2010); see also SKF USA Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001).  The court has discretion in granting agency requests for remand, however, an agency's request for remand is usually appropriate if its request is "substantial and legitimate." Id. at 1029.  An agency's concern is substantial and legitimate where it provides a compelling justification for remand, the need for finality does not outweigh the justification for remand, and the scope of the remand is appropriate.  See Shakeproof Assembly Components Div. of Illinois Tool Works, Inc. v. United States, 29 C.I.T. 1516, 1521-26 (2005).

## DISCUSSION

The parties do not dispute that there is a substantial and legitimate concern justifying remand, only the parameters of the needed remand.[4] Defendant explains Commerce will reconsider the Subject Exclusions and provide additional analysis "by engaging in a new and independent review of the record."[5] Id. at 6. Defendant asserts that because Commerce will be essentially conducting a new review and needs to stagger its workload, Commerce needs 150 days to complete its review. Def.'s Mot. at 8. Plaintiff objects to the extended period of time and asks the court to direct Commerce as to how to conduct its remand.[6] Pl.'s Resp. at 7–11.

---

[4] The facts of this case ameliorate concerns about finality. Defendant states that Plaintiff seeks to overturn all of Commerce's exclusion request denials, and, on remand, it is possible that Commerce will overturn some or all of the Subject Exclusions, expediting relief for Plaintiff. Def.'s Mot. at 6 (quoting Borusan Mannesmann Pipe U.S. Inc. v. United States, 2020 WL 3470104, *1, 4 (Ct. Int'l Trade June 25, 2020)). Because each of the 54 exclusion determinations will be reviewed by the court individually, Commerce's decision to remand the Subject Exclusions does not prevent the case for the remaining 39 exclusion determinations from proceeding in normal course.

[5] Defendant explains it has limited its remand request to the Subject Exclusions because the remaining 39 exclusion requests were made after Commerce implemented changes to the Section 232 exclusion review procedures including a new decision format and a procedure for limiting and documenting ex parte communications. Def.'s Br. at 7.

[6] Specifically, Plaintiff proposes:
"(a) . . . a new and independent review . . . on a record limited to: (1) the original exclusion requests; and (2) the parties' original objections, rebuttals, and sur-rebuttals;
(b) To the extent the Department wishes to consider any other information, the

(footnote continued)

Court No. 21-00507  Page 6

Commerce has considerable latitude to conduct its proceedings when making determinations. See Regal Knitwear Co. v. N.L.R.B., 324 U.S. 9, 13 (1945); Stupp Corp. v. United States, 5 F.4th 1341, 1350 (Fed. Cir. 2021). Further, in conducting its proceedings, Commerce's decision-makers are presumed to be unbiased. See Withrow v. Larkin, 421 U.S. 35, 47 (1975) (rejecting the claim "that combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication."). The possibility that some individuals working on new determinations may have worked on prior determinations in the same case is not enough to overcome the presumption of a decision-maker's honesty and integrity. See FTC v. Cement Institute, 333 U.S. 683, 700-03 (1948) (finding the Federal Trade Commission ("FTC") properly refused to disqualify itself, where the

---

Department shall advise the Court and NLMK of the information it intends to consider and provide an explanation as to the basis for considering such new information;
(c) . . . conducted by Department officials who were not involved in the original consideration and investigation of NLMK's requests, and who did not participate in any ex parte communications with any interested parties, including NLMK or the Objectors or any representative thereof, concerning NLMK's requests.  The Department's decisions on remand shall (1) identify the officials who conducted the new reviews; (2) specify the measures taken to ensure that the officials conducting the reviews have not participated in or otherwise considered any ex parte communications or other extra-record submissions; and (3) confirm that such officials did not engage in any ex parte communications with the Objectors, review any such prior ex parte communications, or discuss NLMK's requests with any Department personnel involved in the original review and/or decision to deny NLMK's requests; and
(d) The Department shall file its remand determinations with respect to each Subject Request within 90 days." [Proposed] Order, Jan. 13, 2022, ECF No. 34; see also Pl.'s Resp. at 7–11.

FTC entertained negative opinions resulting from prior ex parte investigations because such entertainment did "not necessarily mean the minds of [the investigating officials] were irrevocably closed").

Once Commerce makes its determination, this court reviews whether Commerce's decision is in accordance with law and supported by substantial evidence based on the record. 5. U.S.C. § 706(2)(A) (2018); see 28 U.S.C. § 2640(e) (2018); see also Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985). If the determination is contrary to law or is not supported by the record, whether because it is tainted by ex parte communications, fails to account for evidence that detracts from the conclusion, is not reasonably supported by the record evidence, or any other reason, the appropriate action for the court is to remand the determination to Commerce. See id.; see also Regal, 324 U.S. at 13.

Here, Plaintiff asks the court to limit the information that will constitute the record because it believes no new information is needed beyond the exclusion requests, objections, rebuttals, and sur-rebuttals. Pl.'s Resp. at 9–10. The court will not do so. Commerce "enjoys a presumption of regularity as to the record it prepares, because the agency, as the decision-maker, is generally in the best position to identify and compile those materials it considered." JSW Steel (USA) Inc. v. United States, 466 F. Supp. 3d 1320, 1328 (Ct. Int'l Trade 2020) (citations omitted). Commerce will have to explain its determination, specifically, how the record supports its determination in light of the relevant law and considering what fairly detracts from

its conclusion. See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) ("State Farm"); Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). When it does so, if the court finds Commerce's explanation lacking in light of the record, the court can remand the redetermination.[7] See Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44.

Plaintiff also fails to persuade the court that it should preemptively dictate Commerce's procedure on remand. Plaintiff raises concerns that the new proceedings may be tainted by prior ex parte communications. Pl.'s Resp. at 7–9. Commerce itself seems to acknowledge this concern by committing to a new decision-maker for this remand. Def.'s Mot. at 5–6. However, Plaintiff wants more than a new decision-maker. It wants the court to order that Commerce:

> (1) identify the officials who conducted the new reviews; (2) specify the measures taken to ensure that the officials conducting the reviews have not participated in or otherwise considered any ex parte communications or other extra-record submissions; and (3) confirm that such officials did not engage in any ex parte communications with the Objectors, review any such prior ex parte communications, or discuss NLMK's requests with any Department personnel involved in the original review and/or decision to deny NLMK's requests

---

[7] The court is somewhat baffled by the suggestion that "To the extent the Department wishes to consider any other information, the Department shall advise the Court and NLMK of the information it intends to consider and provide an explanation as to the basis for considering such new information." Id. at (b); see also Pl.'s Resp. at 10. Plaintiff's proposal seems to invite the court to supervise and thus co-author the determination with Commerce and then review that determination. The court declines the invitation.

Court No. 21-00507 Page 9

[Proposed] Order, Jan. 13, 2022, ECF No. 34; see also Pl.'s Resp. at 7–11. The court will not do so. First, Plaintiff fails to make a showing of bias or an irrevocably closed mind with respect to particular officials such that they should be purged from the determination. See Withrow, 421 U.S. at 47; see also Cement Institute, 333 U.S. at 700-03. Nor does Plaintiff cite any law in support of its request for additional limitations. See Pl.'s Resp. at 9–10. Second, Plaintiff asserts that the new decision-maker will not act in a vacuum and will rely on the work of others who may have been involved with the previous Subject Exclusion determinations. Id. at 9. However, regardless of who is involved in the process, the decision-maker must rely on the information on the record and explain his or her conclusions in relation to the record. State Farm, 463 U.S. at 43. Further, in explaining those conclusions, the decision-maker must address any information that detracts from his or her conclusions. Universal Camera, 340 U.S. at 488. Commerce is aware of the concerns identified by its own inspector general, OIG Management Alert, concerns that might detract from a determination. Def.'s Mot. at 5—6; See JSW, 466 F. Supp. 3d 1320. It will be up to Commerce to explain its determination in light of these concerns. If Plaintiff challenges Commerce's remand redetermination as unsupported by substantial evidence or otherwise contrary to law, arguing that the determination was infected by ex parte communications, and the court determines that the redetermination is unsupported by substantial evidence or otherwise contrary to law, the court can remand the redetermination. See Fla. Power & Light Co., 470 U.S. 729, 743-44.

Court No. 21-00507 Page 10

Thus, the court will not preemptively dictate to Commerce the contours of its proceeding other than to ensure that it follows the contours set by Congress.

Finally, the parties disagree as to the amount of time the court should allow for a remand, as the Defendant seeks 150 days in light of the need to conduct "a new and independent review of the record" and Plaintiff contends that typically the court orders remands to be conducted within 90 days.[8] Pl.'s Resp. at 10–11. Commerce's own regulations provide that normally the review period for requested exclusions will be 106 days, a time period which includes the receipt of objections, rebuttals and sur-rebuttals. 15 C.F.R. § Pt. 705, Supp. 1(h)(3)(i). Both parties agree that the redetermination should be a new and independent review, and the regulations normally allow 106 days for review. Commerce will issue its remand redeterminations within 106 days.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's motion for partial remand is granted in part and denied in part; and it is further

---

[8] See, e.g., JSW, 466 F. Supp. 3d at 1325, 1333 (granting Commerce 90 days to issue a decision on remand for 12 exclusion requests); Def.'s Unopposed Mot. for Voluntary Remand, CPW America Co. v. United States, Ct. No. 21-00335, Oct. 25, 2021, ECF No. 14 (requesting 90 days to issue a decision on remand) ("CPW Remand Motion"); Order, CPW America Co. v. United States, Ct. No. 21-00335, Oct. 26, 2021, ECF No. 15 (granting the CPW Remand Motion).

Court No. 21-00507                                                                                          Page 11

**ORDERED** that the Subject Exclusions are remanded back to the agency for reconsideration consistent with this Opinion and Order; and it is further

**ORDERED** that Commerce shall file its remand redetermination with the court within 106 days of the date of this Opinion and Order; and it is further

**ORDERED** that parties shall have 30 days thereafter to file comments on the remand redetermination; and it is further

**ORDERED** that the parties shall have 30 days thereafter to file a reply to comments on the remand redetermination; and it is further

**ORDERED** that the parties shall have 14 days thereafter to file the Joint Appendix; and it is further

**ORDERED** that Commerce shall file the administrative record within 14 days of the date of filing of its remand redetermination.

                                                       /s/ Claire R. Kelly
                                                       Claire R. Kelly, Judge

Dated:        February 1, 2022
                 New York, New York