UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| NLMK PENNSYLVANIA, LLC,<br><br>      Plaintiff,<br><br>– against –<br><br>UNITED STATES,<br><br>      Defendant. | Court No. 21-00507 |

**[Proposed] ORDER**

On consideration of Defendant's Motion for an Extension of Time to Provide Remand Results, ECF No. 99 ("Motion"), and on consideration of Plaintiff's Opposition thereto, it is hereby

ORDERED that Defendant's Motion is DENIED.

Dated:_____                                _____
    New York, NY                                                                 JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| NLMK PENNSYLVANIA, LLC, <br><br> Plaintiff, <br><br> – against – <br><br> UNITED STATES, <br><br> Defendant. | Court No. 21-00507 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR AN EXTENSION OF TIME TO PROVIDE REMAND RESULTS**

Plaintiff NLMK Pennsylvania, LLC ("NLMK") submits this Memorandum in opposition to Defendant's Motion for an Extension of Time to Provide Remand Results, ECF No. 99 ("Motion" or "Mot.").

The Government's Motion comes 81 days after the Court's January 23, 2023 Remand Order and just ten days before its remand decisions are due.  *See* Opinion and Order, dated January 23, 2023, ECF No. 97 ("Remand Order") at 21-22.  The Motion arises from the fact that the Department of Commerce ("Commerce") has suddenly decided that it would like an additional 91 days to comply with the Court's Order so it can embark on a new process before issuing its remand decisions.  Mot. at 2.  There is, however, absolutely no substantive justification for this extension.

Commerce is clearly able to issue the remand decisions now, and the last-minute plea for more time to engage in a new process, not sanctioned by the regulation or past practice is ill-conceived and ill-founded.  The proposed extension would serve only to unnecessarily delay

1

resolution of this 2021 lawsuit until sometime in 2024. The Motion should, therefore, be denied, and Commerce directed to comply with the Court's Remand Order by April 24, 2023.

### A. The Remand Order

When the Court ordered the remand on January 23, 2023, it did so expressly for Commerce to (a) reconsider 26 denials predicated on the flawed belief that the "end user" specified in the regulation was NLMK's customers and not NLMK (Remand Order at 6-16);[1] and (b) explain, based upon the evidence in the record, its denial of 29 requests filed in 2021 in light of NLMK's evidence that neither Cleveland Cliffs (10-inch slab) nor U.S. Steel (8-inch slab) could supply NLMK the quantity of slab it needed (*id.* at 16-20).[2] The Remand Order provided that Commerce should render its remand decisions within 90 days. *Id.* at 21-22.

As noted, instead of complying with any part of the Court's Order, the Government is now, at the last minute, asking to delay the process even further.

### B. Commerce has all the information it requires per the procedure established by its regulation to issue its remand decisions now

Commerce's regulation, which it has applied to thousands of cases over the past five years, establishes the procedure for Section 232 exclusion requests. Specifically, the regulation permits only four submissions from requesters and objectors: (1) the requestor's exclusion request; (2) the objectors' objections; (3) the requestor's rebuttals; and (4) the objectors' surrebuttals. 15 C.F.R. pt. 705, supp. 1(c)-(d), (f)-(g). That is it. Commerce renders its

---

[1] With respect to these 26 denials, the Court also ordered Commerce to reconsider whether "Objectors could provide a sufficient quality of 250mm [10 inch] . . . slab to meet all of NLMK's requests." *Id.* at 16-20.

[2] Twenty-seven of the 29 requests were for 10-inch slab, which Cleveland Cliffs claimed it could produce. Two of the 29 requests were for 8-inch slab, which U.S. Steel claimed it could produce. Remand Order at 18. The Court also granted Commerce's request for voluntary remand of the remaining three requests, which it had denied on the basis that the product descriptions in the requests were purportedly ambiguous. *Id.* at 21 n. 17.

2

decisions based solely on these submissions.[3]  *Id.* pt. 705, supp.1(h).  ITA's standard Recommendation form makes that clear:

> ITA examines only the claims and information submitted in the certified documentation for requests, objections, rebuttals and surrebuttals, to determine if a company meets the criteria specified in the regulations.

*See, e.g.,* International Trade Administration (ITA), Recommendation Document for Denial of Steel Exclusion Request Under Section 232, ECF No. 70-1 ("ITA Form"), at NLMK-111695-121.  This process is also laid out in the diagram below from the Government Accountability Office:[4]



---

[3] *See also* 15 C.F.R. pt. 705 supp. 1(c)(6)(i) (effective September 11, 2018 – December 13, 2020) ("The U.S. Department of Commerce reviews an exclusion request based on the information included in the exclusion request, any objections to an exclusion request, any rebuttals to the objections made by an individual or organization that submitted the exclusion request, and any surrebuttals."); *see also* Submissions of Exclusion Requests and Objections to Submitted Requests for Steel and Aluminum, 83 Fed. Reg. 46,026, 46,062, 46,045 (Sept. 11, 2018) (BIS Response to Comment (h)(3)) ("The Department is relying on the product expertise of ITA, as well as the information that the Department is receiving through the exclusion requests and objections, which will be enhanced further with the rebuttal and surrebuttal process."); *id*. at 46,050-51 (purpose of rebuttal/surrebuttal process is "to ensure that . . . the Department ha[s] all of the relevant information[.]"); Section 232 Steel and Aluminum Tariff Exclusions Process, 85 Fed. Reg. 81,060, 81,068 (BIS Response to Comment (e)(7)) ("Commerce believes the information required on the objection form, surrebuttal form as applicable . . . is sufficiently informative to determine the production capabilities of objectors. This information is also supplemented by the evidence provided through rebuttals and surrebuttals, and through CBI submitted in support of rebuttals and surrebuttals.").

[4] U.S. Gov't Accountability Office, *Steel and Aluminum Tariffs: Commerce Should Improve Its Exclusion Request Process and Economic Impact Reviews*, GAO-20-517, at 9 (2020), *available at* https://www.gao.gov/assets/gao-20-517.pdf.

After it receives those submissions, Commerce has, when it deemed it necessary, consulted a Subject Matter Expert (SME) (as it did here for approximately half of NLMK's requests) to help it evaluate the submissions.

Consistent with the foregoing, when Commerce seeks the SME's input it does so only *after* it receives the requester's and objectors' complete submissions and solely to assist the ITA in evaluating the submissions and deciding whether an exclusion is due. ITA Form at NLMK-111695-121.[5] In other words, the SME's input is part of Commerce's overall evaluation of completed submissions in reaching its decision. As the ITA stated, after receiving the submissions, it "takes an SME's evaluation of facts into consideration when making a recommendation [to BIS]; however, an SME's evaluation of facts is not the only determining factor and is not necessarily dispositive." *Id.* Stated differently, the SME's evaluation is not Commerce's decision; it is simply one factor that Commerce may consider in evaluating the submissions and reaching its decision.

In this case upon remand, Commerce apparently consulted the SME again, seeking its views in light of the Court's determination that the "end user" is NLMK, not its customers. The SME has apparently responded and Commerce now has that information for it to assess as part of its determinations.

Accordingly, applying Commerce's established process, the agency has all the information it needs to comply with the Court's directive to "explain or reconsider" its prior decisions by April 24. *See* Remand Order at 21-22. Commerce has the requests, the objections, the rebuttals, the surrebuttals and now the SME's responses to Commerce's "reissu[ed]

---

[5] As the ITA states, an "SME's evaluation of facts is typically sought when *submitted documentation indicates*: the objector offers a substitute product, the specifications differ in an objector's offering form from the request, a processing method differs between the request and the objection, or any other relevant product-specific issues." *Id.* (emphasis added).

4

questions." *See* Mot. at 3.  In short, there is no reason why Commerce cannot render its remand decisions now, within the time required by the Remand Order, and it should do so.[6]

### C. Commerce's proposed SME notice-and-comment procedure is contrary to Commerce's regulation and cannot justify the extension sought

Commerce's sole justification for not rendering its decisions as required by the Remand Order is its plan to ignore, for the first time ever, the regulatory process which has been followed in this case and thousands of others for years.  Instead, Commerce's proposes to solicit open-ended comments from NLMK *and the Objectors* regarding the SME's observations before Commerce renders its decisions.  *Id.* at 3-4.  It proposes this new procedure even though it concedes it may or may not accept the SME's views as any part of its decisions.

Commerce, hard pressed to explain why it is proposing to dispense with the procedure in its regulation, weakly claims that it wishes to do so in the interest of "openness and transparency." *Id.* at 3.  That is, respectfully, bunk.  It is neither open nor transparent for Commerce to depart from the procedure established by its regulation and adhered to for five years.  Nor is it permissible, absent notice coupled with a cogent and compelling reason for doing so.  Commerce offers no reason and no legitimate basis or need for its proposed departure. In fact, although Commerce has the SME's input, the Government has chosen not to submit it with its Motion or explain why any particular aspect of those evaluations would justify departure from the procedure in the regulation.

It is important to note that there is nothing in the Remand Order that permits, let alone requires, deviation from the established procedure.  The Remand Order simply found that the Court had "no basis by which to assess the foundation or reasonableness of [the SME's] opinion

---

[6] It is unclear how long Commerce has had the SME's responses—since its Motion never states—but we note that Commerce has not sought an extension on the basis that it did not have time to render its decisions because of the SME's timing.

5

[which Commerce had purported to adopt]," and thus could not "identify a 'rational connection between the facts found and the choice made.'" Remand Order at 12-13. Commerce can fill this gap in the record by simply placing the SME's reports, which Commerce now has, in the administrative record, and providing a reasoned basis in its decisions for why Commerce adopts or rejects the SME's conclusions, in light of the other evidence already in the record. The Government and NLMK can then comment on those decisions, in accordance with the Remand Order. *Id.* at 22.

Commerce's plan to solicit comments on the SME's views is particularly odd because the plain fact, as the Court well knows, is that Commerce is charged with deciding the exclusion requests, not the SME. Commerce is required to make those decisions based upon the requestor's and objectors' submissions, and when it deems it necessary, the SME's input. But, the decision is that of the agency and the SME's views are pertinent only to the extent they are adopted or disregarded by Commerce in a reasoned decision. The SME's views do not have standing by themselves. Thus, Commerce's proposed plan to engage in commenting on the SME's views before there is a decision makes no sense and would serve only to prolong the matter.

While no one is opposed to "openness and transparency," that is simply not the issue at this point. Commerce will satisfy its openness and transparency concerns by making the SME's views part of the record, and then setting forth, in a sound and reasoned decision, based on the totality of the record, the conclusions it reaches. That is what the Court required and that is what is missing because Commerce has still not rendered its remand decisions.

Strangely, if the Government's argument that "openness and transparency" considerations require Commerce to provide the SME's input to the requesters and objectors for comment were carried to its logical conclusion, then the process Commerce established by

regulation and followed consistently over the years has deprived thousands of participants of an "open and transparent" process, subjecting every one of those decisions to challenge and reversal on this basis alone.[7] That conclusion, while logical, cannot be one Commerce would seriously endorse.

Moreover, Commerce's claim that its proposed process will "avoid having [the Objectors] addressing the SME's observations for the first time after the administrative remand process has concluded" reveals another serious issue with Commerce's proposal. Mot. at 4. The Objectors are not parties to this action, and the Remand Order does not contemplate that the Objectors would or should have any opportunity to comment on Commerce's remand determinations. On the contrary, the Remand Order permits only the parties to this action—the Government and NLMK—to comment on the remand results. Remand Order at 22. In fact, the Government's attempt to unilaterally invite the Objectors to join this action comes with particular ill grace because it runs counter to the decisions of this Court and the Federal Circuit, which have already held, *with the Government's support*, that the Objectors have no right to intervene in this action. *See NLMK Pennsylvania, LLC v. United States*, 553 F. Supp. 3d 1354, 1366 (Ct. Int'l Trade 2021); *California Steel Indus., Inc. v. United States*, 48 F.4th 1336, 1345 (Fed. Cir. 2022); *see also* Defendant's Omnibus Response to Motions of United States Steel Corporation to Intervene and Stay Further Proceedings, dated November 17, 2021, ECF No. 25.

In short, a new "notice and comment" period where all the parties who appeared before the agency get to comment on the SME's evaluations in this case would stand the whole regulatory procedure on its head. If Commerce wishes to change its process going forward there

---

[7] Indeed, *in this case*, Commerce has already obtained a voluntary remand for 15 requests, upon which it issued new decisions based on SME input without first offering any party the opportunity to comment on the SME's evaluations. *See* Opinion and Order, dated February 1, 2022, ECF No. 41, at 10-11; *see also* Remand Results, dated May 18, 2022, ECF Nos. 55, 55-1.

is, as the Court knows, a procedure for doing so. Its *ad hoc* plan to do so in this case, applicable only to NLMK, is impermissible and, worse yet, would serve to further delay a resolution of this case and NLMK's receipt of the millions of dollars in refunds to which it is entitled. That, we submit, is unfair and unwarranted. Commerce's Motion should therefore be denied, and it should issue its remand decisions in the time required by the Remand Order.

\*      \*      \*

Finally, and in any event, with respect to Commerce's entire endeavor to prolong this action, we are compelled to note that the Government does not even begin to explain to the Court why Commerce needs an extension for the 29 requests for which it neither sought nor required SME input.[8] As the Court knows, Commerce denied those 2021 Requests without any SME involvement, because the decisions concerned only the question of whether Cleveland Cliffs or U.S. Steel could timely provide a sufficient amount of 10-inch or 8-inch slab, respectively, to meet NLMK's requirements. There was no technical input needed or sought from the SME. Accordingly, Commerce's desire to have NLMK and the Objectors comments on the SME's input could, under no circumstances, justify delaying the remand decisions on these 29 requests. Having offered no reason for delaying its determination of those requests, Commerce must, at the very least, render its remand determinations for those Requests within the time required by the Remand Order.

---

[8] Request Nos. 194445, 194449, 194452, 194455, 194458, 194460, 194463, 194482, 194511, 194515, 194516, 194518, 194521, 194525, 194529, 194532, 194535, 194536, 194547, 194553, 194560, 194562, 194566, 194571, 194573, 194883, 198055, 198056, and 260914.

8

## CONCLUSION

For the forgoing reasons, NLMK respectfully requests that the Government's Motion for an Extension of Time to Provide Remand Results be denied.

Dated:   New York, New York
         April 20, 2023

                                        Respectfully,

                                         /s/ Sanford M. Litvack

                                        Sanford M. Litvack
                                        Andrew L. Poplinger
                                        R. Matthew Burke
                                        CHAFFETZ LINDSEY LLP
                                        1700 Broadway, 33rd Floor
                                        New York, NY 10019
                                        Tel. (212) 257-6960
                                        Fax. (212) 257-6950
                                        s.litvack@chaffetzlindsey.com
                                        a.poplinger@chaffetzlindsey.com
                                        r.m.burke@chaffetzlindsey.com

                                        *Attorneys for Plaintiff NLMK Pennsylvania, LLC*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Chambers Procedure 2(B)(2), the undersigned certifies that Plaintiff NLMK Pennsylvania, LLC's Opposition to Defendant's Motion for an Extension of Time to Provide Remand Results contains 2,526 words as computed by Chaffetz Lindsey LLP's word processing system, excluding those portions that do not count toward the word limitation and, thus, complies with the Court's Chambers Procedures.

*/s/ Sanford M. Litvack*